## In re MICCO'S ESTATE.

No. 27204.   June 1, 1937.

Gibson, Maxey & Holleman and J. D. Simms, for plaintiffs in error.

Leon C. Phillips, Wm. L. Seawell, and Thos. H. Owen, for defendant in error.

OSBORN, C. J.   This is an appeal from a judgment of the district court of Okfuskee county sustaining a demurrer to the petition and amended petition of the plaintiffs in error, petitioners in the lower court, where-in they sought to set aside a final order of the court approving the final report determining heirship and ordering distribution of the estate of Silla Micco, deceased.

The proceedings in the administration are regular and no appeal was taken therefrom. The approval of the final account and order of distribution was made in December, 1933. On July 12, 1935, plaintiffs in error filed application in said county court to set aside the order approving the final report and decree of final distribution. The essential allegations made by the petitioners Lizzie Allen, nee Anderson, and Nancy Cloud, nee Anderson, alleged paternal aunts of the said Silla Micco, deceased, are that Peter Micco, the husband of Silla Micco, was of African descent 'and that, under the laws of this state, he could not have become, and in fact was not, the legal husband of Silla Micco, and, second, that no personal notice was served on the petitioners, who were residents of Oklahoma living in the vicinity of Bristow, Creek county. The petitioners 'attached to and made a part of their petition numerous exhibits setting forth the various proceedings and orders had and made in the administration proceedings; among others is exhibit "A", being the petition for letters of administration, which appears to be regular in every particular. Attention is called to the following paragraph of said petition:

"That the names, ages and residences of the heirs at law of decedent so far as known to your petitioner are as follows: Peter Micco, husband and petitioner herein, Seminole Roll No. 1600, age 40, residence, Boley, Oklahoma."

And in the decree of final distribution the court found:

"And it further appearing to the court that Peter Micco was the lawful husband of Silla Micco at the time of her death and is her sole surviving heir and entitled to her entire estate, and it further 'appearing to the court that Peter Micco is enrolled as a three-fourths blood Seminole Indian, opposite Roll No. 1600 and that he is in fact a full-blood Indian, his blood being three-fourths Seminole Indian and one-fourth Creek Indian."

In the first paragraph of the final decree, in stating the appearances made at the hearing, it recites that the petitioner, Rachel Crockett, appeared by her attorneys, etc., and further states that the petition of Rachel Crockett for distribution of the estate to herself is denied, to which order the petitioner Rachel Crockett ob-

jected and gave notice of her intention to appeal, but no appeal was perfected.

The demurrers interposed by the administrator and by Peter Micco were that the allegations of the petition and amended petition, considered with the exhibits, did not state a cause of action in favor of the petitioners and against the defendants in error herein. The petitioners' cause of action is based on the alleged failure on the part of the husband, Peter Micco, in not naming the petitioners 'as heirs of Silla Micco, deceased, and in not giving notice to said parties, and that he perpetrated a fraud upon the court and that he did not allege in his petition that he was of African descent. Petitioners rely upon the cases of Caulk v. Lowe, 74 Okla. 191, 178 P. 101; Forgy v. Lamphear, 144 Okla. 245, 291 P. 83, and Wheeler v. Bigheart, 172 Okla. 262, 43 P. (2d) 1028, all of which are distinguishable from this case. These contentions seem to have been heretofore passed upon by this court and determined adversely to the plaintiffs in error. Section 1142, O. S. 1931, among other things, requires the applicant in an administration proceeding to state the names, ages, and residences of the heirs of the decedent. This, as we view it, was done in the instant case. There is no allegation contained in the petition of plaintiffs in error to the effect that Peter Micco knew or had any knowledge of the existence or whereabouts of the petitioners, Lizzie Allen and Nancy Cloud, and said Peter Micco in his petition states that so far as he knows he is the sole and only heir of Silla Micco, deceased, and the petitioners, having attached to and made a part of their petition the application filed by Peter Micco in the administration proceedings showing this statement, are bound by the same, and, hence, their allegation in this particular is negatived by the statement and exhibit which would come within the rule of intrinsic fraud. Burton v. Swanson, 122 Okla. 134, 285 P. 839; O'Neill v. Cunningham, 119 Okla. 157, 244 P. 444. This court has laid down the rule that where there is a variance between the allegations of the petition and exhibit, the exhibit must control. Home Ins. Co. of N. Y. v. Whitechurch, 139 Okla. 1, 281 P. 234. The same authority also lays down the rule that the allegations of the petition must be construed in connection with the exhibits attached and referred to in the petition.

We think from the exhibits attached to plaintiffs in error's petition it is clearly shown that the question of whether or not Peter Micco was of African descent was adjudicated in the administration proceedings. The petition of Rachel Jones is not set forth, but it is obvious that this was one of the questions raised in her petition, which was denied by the court.

This court passed upon the effect of an order of final decree and distribution in the case of National Exploration Co. v. Robins, 140 Okla. 260, 283 P. 236, and in the syllabus announced the following rule:

"A decree of distribution made by the county court in probate having jurisdiction of the settlement of an estate on a hearing as provided in sections 1336, 1351, 1352, 1359, and 1360, C. O. S. 1921 (secs. 1345, 1350, 1351, and 1359, O. S. 1931), distributing to the heirs at law their respective shares of the estate of the deceased, is conclusive, in the absence of a showing of fraud or collusion, as to the rights of the parties interested in the estate, unless reversed or modified on appeal, and such decree is not subject to collateral attack. Teague v. Smith, 85 Okla. 12, 204 P. 439, and Hogan v. Superior Court of Okmulgee County, 122 Okla. 295, 254 P. 966, followed; the case of He-ah-to-me v. Hudson, 121 Okla. 173, 249 P. 138, in so far as the same is in conflict herewith, is expressly overruled."

The next proposition urged by the appellants is the fact that no notice was given to the petitioners, Lizzie Allen and Nancy Cloud, but in this particular, even though assuming that they are heirs of Silla Micco, deceased, under numerous decisions of this court, they are barred from establishing their claim at this time. In the case of National Exploration Co. v. Robins, supra, this court held:

"Probate proceedings in the settlement of estates are in the nature of proceedings in rem, and, upon statutory notice having been given, all the world is charged with notice. And a decree of distribution and settlement of heirship rendered on such notice, in the absence of a showing of fraud or collusion, is binding on all parties claiming an interest in the estate, even though not mentioned in the proceedings nor personally served with notice. * * *"

This has been the rule followed in many opinions rendered by this court. The case of Okfuskey v. Corbin, 170 Okla. 449, 40 P. (2d) 1064, announces the following rule:

"Where a finding of heirship and final decree of distribution made in a probate proceeding in the county court is not appealed from and becomes final, a further order of the county court made more than

three years thereafter purporting to set aside the same and making a different disposition of a portion of the entire estate is void."

We quote from the body of the opinion in the case of Gassin v. McJunkin, 173 Okla. 210, 215, 48 P. (2d) 320, as follows:

"* * * Failing to heed the notice which all the world must note, an unknown or pretermitted heir must abide the consequences. save that he may appeal or otherwise proceed as allowed by statute for the vacation of such a decree or upon equitable grounds * * *

"Decree of distribution, upon proper notice, was passed confirming the land to plaintiffs under the will. By direction of statute this decree was 'conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal.' Section 1359, supra. However reprehensible it may have been for Mrs. McJunkin's aunts and uncles, who knew of her existence and could have learned her whereabouts, to have refrained from seeing to it that her interest in the estate was preserved, there was no fraud which prevented an appearance in her behalf."

In Bancroft's Probate Practice, vol. 1, sec. 40, the following statement is made:

"All probate proceedings and judgments rendered therein are in the nature of proceedings in rem, or at least quasi in rem. A proceeding for the probate of a will, or for grant of letters of administration, is thus in the nature of a proceeding in rem. A judgment in probate is not against persons as such, but against or upon the thing or subject matter itself, the status or condition of which is to be determined. When rendered. the judgment is a solemn declaration of the status of the thing, ipso facto rendering it what it is declared to be. Where statutory notice has been given, all who are interested in the estate, and, in fact, all the world, are bound by all orders or decrees duly entered. And such notice, where the statute so provides, may be constructive and need not be actual."

The great weight of authority sustains the orders and judgments of probate courts where the proceedings are regular and notice given as required by law, and where no appeal is taken, the judgment becomes final and is not subject to collateral attack. The fact that the petition in this case makes no attack on the regularity of the proceedings, and petitioners attach exhibits to their petition by which they are bound showing that the very matters complained of were before the court and adjudicated, we think clearly negatives the allegations of the petition seeking to allege fraud of any character, and that the judgment of the trial court in sustaining the demurrer was correct.

We therefore find that the judgment of the trial court should be, and the same is hereby, affirmed.

BAYLESS, V. C. J., and BUSBY, PHELPS, CORN, and HURST, JJ., concur. GIBSON, J., not participating. RILEY and WELCH, JJ., absent.