This is a probate appeal and is the third time disputes over the estate of George W. Hicks, deceased, have reached this court. The first case (Jeffress v. Hicks, 156 Okla. 291,10 P.2d 419) originated in the district court and therein the contention of Mrs. Hicks, the widow, that the property standing in the name of Mr. Hicks belonged to her and him as partners was rejected. The second case (Hicks v. Jeffress,178 Okla. 109, 61 P.2d 1079) was a probate appeal from the final decree of distribution of the entire estate entered on March 27, 1926, by the county court of Pontotoc county, and this court therein affirmed the county court decree, with a certain exception to be hereinafter mentioned. The final decree carried out the will of the decedent, and *Page 312 
after directing the payment of certain legacies and expenses distributed the estate as follows: One-third to the widow, and the remaining two-thirds to Lena Jeffress, an adopted daughter.
On April 3, 1926, six days after the said final decree of distribution was entered, the county court entered an order directing the executor to pay Mrs. Hicks a widow's allowance of $150 per month "until said estate is finally settled and the funds and property thereof distributed and the administrator discharged." No appeal seems to have been prosecuted from said order. It appears that some $3,300 was paid under said order. On March 6, 1937, after the second appeal in this court had been finally disposed of, the county court, in passing upon the final report of the executor, determined that there was due on said widow's allowance the sum of $15,150 and adjudicated same to be a charge against the estate. No appeal was taken from that order.
On October 19, 1937, Mrs. Hicks filed a petition for sale of the real property belonging to the estate to satisfy her accumulated widow's allowance. Lena Jeffress filed a "demurrer" to this petition and as a ground thereof stated that "said petition and the proceedings upon which it is based does not give the court jurisdiction to entertain said petition for sale of real estate by petitioner," and she therein prayed that "said petition be dismissed." On November 19, 1937, the county court overruled said "demurrer" and entered a decree of sale of the real estate covered by the decree of distribution of March 27, 1926. In that same order the court overruled two motions filed by Mrs. Jeffress, but under the view we take of the case those matters are not now material. Mrs. Jeffress filed a notice of appeal from said order, as follows:
"Comes now Lena Jeffress, an interested party, in the above-entitled estate, and excepts to the order of the court made and entered on the 19th day of November, 1937, overruling the motion of the said Lena Jeffress to strike the report of the commissioners appointed to make partition in said estate; and the order of the court overruling the demurrer of this movant to the proceedings instituted to sell the real estate herein, and the order of the court denying the motion of this movant to require the executor to charge the sum of $300 paid to Mrs. Hicks on the 19th day of November, 1937, against the $15,150 claim that she holds, and gives notice of appeal from said orders to the district court of Pontotoc county, Oklahoma, and that said appeal is taken upon both the question of law and of fact."
On January 10, 1938, Lena Jeffress filed a motion to vacate said order of March 6, 1937, determining the amount due on the widow's allowance. On January 24, 1938, this motion was denied, and Lena Jeffress appealed from said order.
The two appeals were consolidated in the district court. From a judgment affirming the order for sale of real estate and dismissing the appeal from the order refusing to vacate the order of March 6, 1937, this appeal was taken.
1. The first question presented is whether, under the notice of appeal, there is anything before this court to review in connection with the decree of sale of the real estate. It will be observed that the notice mentioned only that part of the order overruling the demurrer to the petition, and the two other parts of the order not now material, and did not mention the part of the order decreeing the sale of the real estate. Defendant urges that a demurrer is not a recognized pleading under the Code of Probate Procedure. This is true, but we are of the opinion that a pleading is to be judged by the contents of it, rather than the name the parties give to it. Under this rule it has been said that a pleading denominated "demurrer" in a probate cause "may be treated as an answer, or as an objection to the jurisdiction, or as an exception to the sufficiency of the averments of the petition to state a cause of action." 68 C. J. 968. See, also, Hamill v. Hamill,162 Md. 159, 159 A. 247, 82 A. L. R. 878. Under this view, *Page 313 
we hold that the demurrer was in fact an objection to the entry of a decree of sale on jurisdictional grounds. The trial court properly so treated it, and heard the cause on its merits.
But it is said that the overruling of such a pleading is not an appealable order. Defendant cites cases from California and Montana to sustain this contention. We note, however, that the Probate Codes of those states do not contain a provision similar to paragraph 8 of section 1397, O. S. 1931, 58 O.S.A. § 721, which authorizes an appeal "from any other judgment, decree, or order of the county court in a probate cause, or of the judge thereof, affecting a substantial right." It appears that only South Dakota has a similar provision. See Ross, Probate Law Practice, pp. 901-903, for the terms of the Codes of the western states authorizing probate appeals. We have been unable to find any decision by this court, or by either of the Dakota courts, construing this provision that sheds any light on the subject. It is apparent that this provision is much broader than the seven preceding provisions of the section, which deal with specific orders. We are of the opinion that the "demurrer" was effectively overruled by the action of the court in decreeing the sale of the real estate, which did affect a substantial right of Lena Jeffress, and that the notice was sufficient to bring to this court for review the question as to whether the county court had jurisdiction to enter the decree of sale, and that same was an appealable order.
2. The next question for determination is whether the county court had jurisdiction to enter the decree of sale. The demurrer to the petition for sale raised this question. As we understand the contention of Lena Jeffress, it is that the decree of distribution of March 27, 1926, deprived the county court of the power to make the order of sale because by that order the estate was closed and no further orders could be made. She also argues that the evidence shows that the estate became insolvent in January, 1929, and for that reason no widow's allowance could be made or approved thereafter as was done by the order of March 6, 1937, fixing the amount of the allowance then due. Mrs. Hicks contends that the estate was not closed by the order of March 27, 1926, and that the evidence does not show that the estate was insolvent on March 6, 1937, and even if it was, the orders of April 3, 1926, and of March 6, 1937, not being appealed from, were not subject to the collateral attack thus made on them. Assuming the correctness of the contention made by Mrs. Hicks, it does not follow that she is entitled to prevail. We are of the opinion that after the entry of the decree of distribution of March 27, 1926, the county court was without jurisdiction to decree the sale of real property covered by such decree, not because the estate was thereby closed as urged by Lena Jeffress, but because same in effect constituted an unauthorized collateral attack on such decree, and until it should be reversed or modified on appeal the county court was without jurisdiction to authorize a disposition of the property in any manner except as directed by said decree of distribution.
(a) Section 1359, O. S. 1931, 58 O.S.A. § 632, provides:
"In the order or decree, the court must name the persons and the proportions or parts to which each shall be entitled, and such persons may demand, sue for and recover their respective shares from the executor or administrator, or any person having the same in possession. Such order or decree is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside, or modified on appeal."
This court has many times held that, under this statute, a decree of distribution legally entered is immune from collateral attack. See Gray v. McKnight, 75 Okla. 268,183 P. 489; In re Micco's Estate, 180 Okla. 183, 68 P.2d 798. The Codes of several of the western states, including California and Montana, contain this identical section, and it is uniformly held in those states that on *Page 314 
the entry of a decree of distribution, the court loses jurisdiction of the property so distributed, except so far as may be necessary to enforce the decree and compel delivery of the property to the distributees. See Estate of Garraud,36 Cal. 277; In re Baird's Estate, 181 Cal. 742, 186 P. 351; State v. District Court, 76 Mont. 143, 245 P. 529; Church, Probate Law and Practice, §§ 542, 543; Bancroft's Probate Practice, §§ 1126, 1147; 11 Calif. Jur. 258. See the additional authorities cited in said decisions and texts. The same rule is followed in Washington under a similar statute. Prefontaine v. McMicken,16 Wn. 16, 47 P. 231. In the cited cases it was held that the probate court was without jurisdiction to decree sale of the real estate covered by the decree of distribution after the entry of such decree.
Mrs. Hicks argues that these authorities are not applicable in Oklahoma, since here the appeal is to the district court and is tried de novo, while in those states the appeal is direct to the Supreme Court. The effect of the decree and the appeal is the same, and we find no merit in the distinction sought to be made.
Mrs. Hicks also argues that under sections 1227, 1263, 1274, 1301, 1302, and 1517, O. S. 1931, 58 O.S.A. §§ 315, 381, 411, 471, 472, and 84 O.S.A. § 3, the property included in the decree of distribution is subject to sale to pay the widow's allowance. We think this is true as to any widow's allowance made, and sale had, prior to the entry of decree of distribution, but not to an allowance made, or decree of sale entered, subsequent to the entry of a final decree. Said sections are similar to or identical with provisions of the California Probate Code. It must be borne in mind that Mrs. Hicks, on March 20, 1926, filed a petition in the county court alleging that the estate was ready for distribution and asking that it be distributed to her. She cannot now collaterally attack the final decree of distribution entered at her request, by securing the sale of the property so distributed to pay a widow's allowance made after the entry of such decree.
We do not hold that the order for widow's allowance is void. We simply hold that the property included in the decree of distribution cannot be sold to satisfy the allowance, the property having been by the decree vested in others. To hold otherwise would be to permit an unauthorized collateral attack upon the decree.
(b) But we are faced with the recognition by this court of the order for widow's allowance of April 3, 1926, in our opinion in Hicks v. Jeffress, supra, and by a separate order therein entered. The orders are sufficiently set out in that opinion and need not be here repeated.
It is well settled that "on appeal from the county court in probate proceedings, the district court has appellate jurisdiction only, and can pass upon only such issues as were presented and tried in the county court." Taliaferro v. Reirdon, 186 Okla. 605, 99 P.2d 494. See, also, Bancroft's Probate Practice, p. 177. The issues cannot be changed in the district court. Secrest v. Secrest, 146 Okla. 235, 294 P. 91. In the instant case the matter of the widow's allowance was not in issue in the hearing on the final account and petition for distribution, and was not mentioned in the notice of appeal from the decree of distribution. Therefore, the matter of the widow's allowance was not an issue in this court in the appeal in Hicks v. Jeffress, supra. It is well settled that this court will not pass upon an issue not presented to the trial court. Ewert v. Boettcher, 174 Okla. 460, 50 P.2d 676. The order limited the payment to the amount of "cash in the hands of the executor belonging to the estate." It follows that this court, by its recognition of the order for widow's allowance, did not, nor did it intend to, make said allowance a charge against property covered by the decree of distribution and thereby permit a collateral attack upon such decree contrary to the rule above discussed as to the effect of the decree of distribution, (first) because *Page 315 
the county court is without jurisdiction to order the sale of property previously distributed, and (second) because the question was not properly before this court.
It follows that the county court was without jurisdiction to decree sale of the real estate distributed by the decree of distribution of March 27, 1926, and the judgment of the district court affirming the same cannot stand.
Reversed, with instructions to distribute the remaining property of the estate in accordance with the decree of distribution of March 27, 1926.
DAVISON, J., having certified his disqualification, Hon. LEONARD CAREY was appointed Special Justice to sit in his stead.
WELCH, C. J., CORN, V.C.J., and OSBORN, GIBSON, and ARNOLD, JJ., and CAREY, Sp. J., concur. RILEY and BAYLESS, JJ., absent.