CRANE v. HOWARD et al.

No. 34416.   May 13, 1952.

*244 P. 2d 559.*

Chas. W. Pennel, Bartlesville, and Walter L. McVey, Laurence McVey, and Walter L. McVey, Jr., Independence, Kan., for plaintiff in error.

Chas. R. Gray, W. N. Palmer, and Frank W. Files, Pawhuska, for defendants in error.

WELCH, J. H. O. Crane died testate survived by his wife, Birdie Crane, and two children of a former marriage, Frankie Crane Day and Virgil Crane. The will left by H. O. Crane, deceased, was admitted to probate. D. C. Howard and John Kilbie, named as executors in the will, qualified as such. Thereafter, upon application of the widow, the county court entered an order for the payment of a widow's allowance from the estate in the sum of $300 per month to begin as of the date of the death of the said H. O. Crane, "and that said payments continue until said estate is closed or the further order of this court."

The order fixing the widow's allowance was appealed to the district court, where, after trial de novo, that court entered its order fixing the allowance in the same amount and terms as done in county court. On appeal to this court the judgment of the district court was affirmed. In re Crane's Estate, Howard v. Crane, 201 Okla. 354, 206 P. 2d 726. In the meantime, and by way of appeal, proceedings for distribution of the estate had reached the district court. At such time an action was pending in the district court brought by Birdie Crane against the executors seeking possession of money and properties held by the executors as property of the estate and claimed by the said Birdie Crane as her own under the Community Property Law. Judgment was rendered of the effect to deny the claims of Birdie Crane under the Community Property Law and a judgment was rendered by the district court providing for the distribution of the estate of the said H. O. Crane, deceased. The said Birdie Crane perfected an appeal to this court from each of said judgments of the district court. Crane v. Howard, 206 Okla. 278, 243 P. 2d 998.

Prior to the rendition of these judgments by the district court the executors and the children of H. O. Crane, deceased, had filed a motion in the county court seeking an order of the court that upon the making of an order of distribution of the estate of H. O. Crane, deceased, no further monetary allowance be paid to Birdie Crane, the widow of H. O. Crane, deceased. The county court refused to approve the final report of the executors of said estate, and refused to order distribution of the estate. Also the motion to discontinue the widow's allowance was overruled and notice of appeal was filed by the movants.

After the rendition of the above last mentioned judgments in the district court, and after the said Birdie Crane had perfected appeals therefrom, and while said appealed cases were in pendency in this court, the motion of the executors and the children of the deceased to discontinue the widow's allowance was heard in the district court. Judgment was entered to the effect that the widow's allowance was terminated by and as of the date of the decree of the district court providing for the distribution of the estate. From this judgment Birdie Crane brings this appeal.

Under her first assignment of error the appellant contends that the district court should have dismissed the appeal of the executors from the order of the county court refusing to discontinue the widow's allowance. This, for the asserted reason that said executors as such were not parties aggrieved or parties whose interests were affected by the county court's order.

The record reflects that the children of H. O. Crane, deceased, also appealed

from the order of the county court refusing to terminate the widow's allowance thereon. There is no question but that said children were "parties aggrieved" or "interested parties" within the statutes authorizing appeals in probate proceedings, 58 O. S. 1951 §§722 and 723, and that in appeal by said children the motion for the discontinuance of the widow's allowance was brought to the district court in a rightful appeal.

Under other assignments of error the appellant presents argument to the effect that the court erred in deciding that its judgment for distribution of the estate was final and constituted a closure of the estate; that the judgment discontinuing the allowance, entered after the decree for distribution, and discontinuing the allowance as of the date of the decree for distribution, was retroactive and void, that the judgment discontinuing the allowance constitutes a collateral attack upon the judgment for widow's allowance; that the estate could not be finally closed on the date of the decree for distribution in view of the appealed cases, Crane v. Howard et al., supra, that the court erred in finding that its judgment for distribution was a final order of distribution.

As above noted, the order for widow's allowance to Birdie Crane was for a sum certain per month "until said estate is closed."

The statute authorizing the making of such an allowance provides:

"* * * the court may in its discretion make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family, according to their circumstances during the progress of the settlement of the estate. * * *" 58 O. S. 1951 §314.

In Salter v. Continental Casualty Co., 194 Okla. 26, 146 P. 2d 824, it was held:

"An order for a widow's allowance is a final order that stands until it expires by its own terms, or if not limited, until vacated upon proper proceedings, unless it is apparent from the administration proceedings that the estate is insolvent at the time the order is made, in which case it is limited to one year by 58 O.S. 1941 §314."

It is well settled that an order for a widow's allowance is a final order, unless appealed from, and cannot be collaterally attacked upon settlement of an administrator's or executor's account. In re Foreman's Estate, 59 Okla. 1, 157 P. 279. Likewise, a decree of distribution, made by a court having jurisdiction of the settlement of an estate, is conclusive as to the rights of the parties interested in the estate, unless reversed or modified on appeal, and such a decree is not subject to collateral attack. Teague v. Smith, 85 Okla. 12, 204 P. 439; In re Micco's Estate, 180 Okla. 183, 68 P. 2d 798.

Herein, a judgment had been rendered determining the widow's interest in the estate and providing for the distribution of such interest to her and the widow had appealed from such judgment when the motion to discontinue the widow's allowance out of the estate was presented. The movants made no offer of proof concerning the solvency or condition of the estate, nor in challenge of the good faith of the widow in appealing from the judgment of distribution, nor made any showing seeking an action of the court involving the exercise of discretion upon the consideration of a particular state of facts, other than that a decree of distribution had been entered. The only question presented by the motion was whether, as a matter of law, the order for the widow's allowance terminated upon the entry of decree of distribution of the estate. The trial court held the affirmative and entered judgment accordingly with reference to monthly installments due under the order for widow's allowance.

The determinative question in this appeal is whether an order for a widow's allowance made to run "until said estate is closed" is ipso facto terminated and ended with the entry of decree of distribution of the estate.

The statute, 58 O. S. 1951 §314, supra, under the certain condition therein set forth and not here brought in question, authorizes the making of an allowance for the period of time "during the progress of the settlement of the estate."

We think the clear intent of the Legislature, as expressed in the statute, supra, was to make provision for the widow out of her decedent's estate until such time as she has in due process of law received the possession and use of her share of the estate so that she might apply the same to her needs. We construe the statutory expression, "during the progress of the settlement of the estate," to mean until such time as the above eventuality shall have occurred, and hold that the term, "until said estate is closed," as appears in the order here involved, has the same meaning.

Appellees in contention that an order for a family allowance, or allowance to the widow, ends with entry of decree of distribution of the property of an estate, suggests there is an inconsistency in both orders being operative at the same time; that the decree of distribution stops the allowance because it orders the estate otherwise distributed; that there is no authority in the executors or in the court to permit a continuing obligation to be paid out of the estate after decree of distribution.

Reference is made to In re Hick's Estate, Jeffress v. Hicks, 189 Okla. 310, 116 P. 2d 905, wherein this court held:

"An order for widow's allowance made by the county court after entry of a final decree of distribution of all the property of an estate is not a valid charge against the property so distributed, and the county court is without jurisdiction to enter a decree of sale of the property so distributed to pay such allowance."

In the Hicks case it is noted that the widow's allowance was made after entry of decree of distribution. It was held that the attempted enforcement of the allowance made after the decree of distribution by sale of the property was a collateral thrust at the decree of distribution. Said the court:

"* * * We are of the opinion that after the entry of the decree of distribution of March 27, 1926, the county court was without jurisdiction to decree the sale of real property covered by such decree, not because the estate was thereby closed as urged by Lena Jeffress, but because the same in effect constituted an unauthorized collateral attack on such decree, and until it should be reversed or modified on appeal the county court was without jurisdiction to authorize a disposition of the property in any manner except as directed by said decree of distribution."

Where, as herein, an order to pay a widow's allowance is made prior to the entry of decree of distribution, it does not follow that there is a conflict between the force of one with the other, or that both may not run until finally carried out according to its terms. A decree of distribution encompasses a determination of the interests of distributees of the estate and directs distribution of such shares after other lawful charges against the estate have been met. It follows that an order for widow's allowance legally entered may be met and paid out of the estate and charged as other cost of administration without violence to the decree of distribution.

Appellees suggest the possibility of an exhaustion of an estate with a widow's allowance by the device of appeal from an order of distribution or other questions that might arise in administration proceedings. Attention is directed to a California case holding that under a statute such as ours, supra, it was within the discretion of the trial court to discontinue a family allowance in light of the particular facts and circumstances existing as of the particular time and after a decree of distribution had been made.

The judgment herein, discontinuing the widow's allowance, does not present a question of the exercise of a

discretion. This is made abundantly clear in the trial court's written statement of its findings and conclusions made after a consideration of admitted facts.

Said the court:

"The court further finds that there was no material change in the financial condition of the estate since the making of the widow's allowance; * * * that she has no property now except her interest in this estate from which she receives no income outside of this allowance; * * * that her necessities and necessary expenses * * * are more than when the allowance was made. That Birdie Crane in appealing the judgments against her in this estate acted in good faith and not fraudulently or for the purpose of delay; * * *"

In basis of the judgment rendered, the trial court stated:

"The court concludes that as a matter of law the allowance to the widow was stopped by the judgment of this court * * * decreeing final distribution of the entire estate of the said H. O. Crane, deceased, and decreeing the exact property to be paid or delivered to the said Birdie Crane."

For reasons hereinbefore stated, we hold the conclusions of law above stated to be incorrect and the judgment founded thereon unsound.

The judgment is reversed, with directions that further proceedings be not inconsistent with the views herein expressed.

CORN, DAVISON, O'NEAL, and BINGAMAN, JJ., concur. HALLEY, V. C. J., and GIBSON and JOHNSON, JJ., dissent.