Arthur MARTIN and J. L. Hunnicut, and Ray Gathright, Executor of the Estate of Wade A. Blasingame, Dec., and John Rogers McDowell, Plaintiffs in Error,

v.

Rosa A. BLASINGAME and the First Presbyterian Church of Pawhuska, Oklahoma, Defendants in Error.

No. 36320.

Supreme Court of Oklahoma.

Oct. 25, 1955.

Hamilton & Kane, Gray & Palmer, Pawhuska, for plaintiffs in error.

R. R. Linker, Tulsa, for defendants in error.

HUNT, Justice.

This is an appeal by the executor and the beneficiaries under the will of Wade A. Blasingame, deceased, from an order of the District Court of Osage County affirming an order of the County Court providing for continued payments of family allowance to the widow, Rosa A. Blasingame.

The will of Wade A. Blasingame, deceased, was admitted to probate on February 15, 1952. Application was made by the widow for a family allowance to be paid from the assets of the estate and an oral order was entered ordering the executors to pay her the sum of $200 per month as family allowance. On January 8, 1953, the principal beneficiaries under the will filed a motion to discontinue this family allowance. Upon hearing the court ratified the previous payment of the family allowance under the oral order theretofore entered and ordered that the motion to discontinue the allowance be continued for final hearing to July 14, 1953, and in the meantime directed the executor to continue the payments of the allowance until that date. On April 9, 1953, the executor filed his final account and petition for distribution of the assets of the estate in accordance with the terms of the will. The widow filed her election to take as an heir at law rather than under the terms of the will and attacked an antenuptial contract entered into between her and the deceased on the grounds of fraud and coercion. On June 2, 1953, the county court, after hearing, entered an order denying the petition of the widow to take as an heir at law, upholding the terms of the antenuptial contract, and distributing the assets of the estate in accordance with the terms of the will. The widow perfected her appeal from this order to the District Court of Osage County. On July 2, 1953, the principal beneficiaries under the will filed a supplemental motion to discontinue the payment of the family allowance to the widow, stating that all the assets of the estate had been distributed under the order

of distribution of June 2, 1953, and there were no other assets; that there was no order providing payment of the allowance beyond July 14, 1953, and that after the order of distribution the county court lost jurisdiction to make any further order for payment of the allowance. On July 14, 1953 the county court heard the original and supplemental motions to discontinue the family allowance and entered its order providing for future payments of family allowance at the rate of $150 per month until further order of the court. The executor and the principal beneficiaries under the will appealed from such order to the District Court.

Upon hearing of the widow's appeal from the order of distribution the District Court affirmed the order of the County Court upholding the antenuptial contract and distributing the estate in accordance with the terms of the will. Upon appeal here we affirmed the judgment of the District Court, No. 36,422, Blasingame v. Gathright, Okl., 284 P.2d 431. Upon hearing the appeal of the beneficiaries from the order of the County Court continuing the family allowance to the widow "until further order of the Court", the District Court affirmed such order. The principal beneficiaries and the executor have perfected this appeal from that order.

Appellants contend that after the County Court entered its order distributing the assets of the estate on June 2, 1953, it was without jurisdiction on July 14, 1953, to enter an order continuing the family allowance, since the order of distribution was conclusive subject only to being reversed, set aside, or modified on appeal, 58 O.S.1951 § 632, In re Hicks' Estate, 189 Okl. 310, 312, 116 P.2d 905, and any further payment of the family allowance would necessarily have to be paid from the assets of the estate already distributed. They admit that payment of the allowance up to July 14, 1953, as provided in the order entered on January 8, 1953, was proper and a charge against the assets of the estate as any other cost of administration, but they claim that after the court entered its order distributing the assets of the estate (which would necessarily be subject to any cost of administra-tion then pending) it was without jurisdiction to enter any further order continuing the allowance.

In Salter v. Continental Casualty Co., 194 Okl. 26, 146 P.2d 824, we held that an order for widow's allowance is a final order that stands until it expires by its own terms, or if not limited, until vacated upon proper proceedings. While we held in Crane v. Howard, 206 Okl. 447, 244 P.2d 559, 561, that an order for a widow's allowance made to run " 'until said estate is closed' " does not ipso facto terminate with the entry of a decree of distribution of the estate, the facts in that case and the wording of that order clearly distinguish the case from the instant one. In that case the widow had not received into her possession and for her use the share of the estate to which she was entitled. As stated in that case, the intention of the Legislature in providing for a family allowance was to make provision for the widow out of her decedent's estate until such time as she has in due process of law received the possession and use of her share of the estate so that she might apply the same to her needs, and that the statutory expression "during the progress of the settlement of the estate" means until such time as the above eventuality shall have occurred. In the instant case it is admitted that the widow had received the possession and use of all that she was entitled to under the terms of the will; in the former appeal, Blasingame v. Gathright, supra, we held that she was bound by her antenuptial contract and could not elect to take under the statute and against the will. It therefore follows that when the order for her widow's allowance expired by its own terms on July 14, 1953, the court having meanwhile entered its order of distribution and the widow having received for her use all that she was entitled to from the assets of the estate, that the court erred in attempting to extend the order further. The statutory intent that the widow be provided for until she should have received that which she was entitled to receive as her part of the assets of the estate was fully carried out. Under the facts in this case it is not necessary to determine whether the appeal by the widow from the

order of distribution was made in good faith or not; the fact remains that she had received, as of the date the allowance was attempted to be extended, all that she was entitled to receive under the terms of the will; the intent of the statute providing for family allowance, 58 O.S.1951 § 314, had been carried out, and her right to widow's allowance terminated.

Reversed, with directions to terminate the widow's allowance as of July 14, 1953.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.