Ima Lee BARRY, Plaintiff in Error,

v.

Esther D. PHILLIPS, Administratrix-with-the-will-annexed of the Estate of A. W. Phillips, Deceased, Defendant in Error.

No. 37986.

Supreme Court of Oklahoma.

Sept. 16, 1958.

Byrne A. Bowman, Oklahoma City, for plaintiff in error.

Hemry & Hemry, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

This is an appeal from a final order of the district court refusing to discontinue a widow's allowance pending the administration of the estate of A. W. Phillips, deceased.

The pivotal question presented is the sufficiency of the evidence to support the order and decree of the trial court refusing to discontinue the widow's allowance previously made in the county court and subsequently approved by an order of the district court, in the Matter of the Estate of A. W. Phillips, deceased.

Ima Lee Barry, a daughter by a previous marriage of A. W. Phillips, appears here as the plaintiff in error and the widow of A. W. Phillips and the administratrix-with-the-will-annexed of A. W. Phillips, deceased, appears here as the defendant in error. The will of Mr. Phillips provides that his daughter and widow share equally in the assets of his estate. The inventory filed in the estate discloses assets in the form of negotiable notes and cash deposits

**1048**

of the value of $53,278.12. (The claim of the administratrix to an additional deposit of $10,121.99 in a Crockett, Texas, bank as an asset of the estate has this day been decided adversely to her in a companion case.)

The county judge entered an order granting the widow a monthly allowance of $350. Upon the application of Ima Lee Barry, the allowance was reduced to $250 monthly payment. On appeal to the district court the allowance of $350 was reinstated, from which order Ima Lee Barry appeals.

Ima Lee Barry, as the plaintiff in error, contends that the trial court's refusal to discontinue the widow's allowance constitutes an abuse of judicial discretion.

■■ The widow submitted an itemized statement which indicates that her actual and necessary living expenses are $405.00 per month. Giving due consideration to the respective previous earnings of Mr. Phillips and his widow, their station in life and her present living costs, we conclude the order of the trial judge in refusing to discontinue the widow's allowance does not disclose an abuse of the trial judge's discretionary power in this equitable proceeding.

■ It is argued that in as much as the homestead was set aside to the widow, and she is presently employed at a monthly salary of $325, no widow's allowance is warranted. The homestead is not an asset of the estate, and under Title 58 O.S.1951 § 311, must be set over to the surviving spouse.

■ The widow, notwithstanding her present earning power, is entitled under the provisions of Title 58 O.S.1951 § 314, to such reasonable allowance out of the estate as may be necessary for her maintenance during the progress of the settlement of the estate.

Plaintiff in error argues that she should not suffer a penalty by reason of her appeal in No. 37,955, styled Barry v. Phillips, Okl. Sup., 329 P.2d 1042, administratrix-with-the-will-annexed of the estate of A. W. Phillips, deceased, being the companion case to this one, above referred to. In other words, she says the monthly allowance to the widow should cease pending final disposition of that case on her appeal.

■ The estate here involved is solvent and the court was authorized to grant the widow's allowance during the progress of the settlement of the estate, and the allowance is not limited to one year, as applied to an insolvent estate. See Title 58 O.S.1951 § 314. We think plaintiff in error's contention is foreclosed by our decision in Martin v. Blasingame, Okl., 289 P.2d 381, and Crane v. Howard, 206 Okl. 447, 244 P.2d 559. The principle announced in the foregoing cases is that legislative intent, as expressed in Title 58 O.S.1951, § 314, providing for a widow's allowance, was to make provision for the widow out of the deceased husband's estate until such time as the widow has in due course of law, received the possession and use of her share of the estate so she may apply the same to her needs.

■ We are not advised by the briefs or petition in error (this being an appeal upon the original record), whether the order of allowance specified that the said payments continue until said estate is closed, or until the further order of the court. Therefore, we predicate our decision upon the assumption that the order does not contain a time limit. Under such assumption, the matter is governed by the statute, supra.

Lastly, plaintiff in error contends that the trial court improperly admitted in evidence a copy of a joint income tax return for the year 1952. That report disclosed a net income of A. W. Phillips and Esther Phillips, his wife, in the amount of $14,185.63.

■ Plaintiff in error's brief does not submit argument or authority that the introduction of the joint return prejudicially affects plaintiff's right. We find no prejudicial error in its admission.

■ The district court's order refusing to vacate the widow's allowance is support-

ed by the clear weight of the evidence and is supported by statute and by our former decisions.

The judgment is therefore affirmed.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON and BLACKBIRD, JJ., concur.