**In re Alberta Louise Schepp STUMPFF, SSN 493–34–5859, Debtor.**

**Bankruptcy No. 89–70430.**

United States Bankruptcy Court, E.D. Oklahoma.

Oct. 27, 1989.

Order Restated Dec. 22, 1989.*

John W. Swinford, Jr., Oklahoma City, Okl., for debtor.

Joseph H. Bocock, and Victoria Hales, McAfee & Taft, Oklahoma City, Okl., for W.P. Spence, et al.

JAMES E. RYAN, Bankruptcy Judge.

## ORDER

On this 27th day of October, 1989, this Court considered the following pleadings for resolution:

(a) Trustee's Ojection to Debtor's Exemption (Docket Entry No. 7);

(b) Allegheny International Credit Corporation's Objection to Debtor's Exemption (Docket Entry No. 10);

(c) Debtor's Response to Trustee's Objection (Docket Entry No. 12);

(d) Objection of W.P. Spence, et al. to Debtor's Exemption (Docket Entry No. 13);

(e) Trustee's Reply to Debtor's Response to his Objection (Docket Entry No. 20);

(f) Stipulation of Fact filed by Kenneth G.M. Mather, Chapter 7 Trustee, the Allegheny International Credit Corporation, W.P. Spence, et al. and the Debtor (Docket Entry No. 34);

(g) Brief in Support to Objection to Exemption filed by Kenneth G.M. Mather, Chapter 7 Trustee (Docket Entry No. 39);

(h) Allegheny's Brief in Support of Objection to Debtor's Exemption for Widow's Allowance and Trust Income (Docket Entry No. 42);

(i) Brief in Support of Objections to the Debtor's Claimed Exemptions for Widow's Allowance and Trust Income filed by W.P. Spence, et al. (Docket Entry No. 41); and

(j) Brief in Support of Exclusion and Exemption of Widow's Allowance filed by the Debtor (Docket Entry No. 40).

After a hearing held on June 27, 1989, a determination was made that this matter could be resolved upon Briefs and Stipulations since the dispute revolved around solely legal issues.

After review and consideration of the entirety of the Briefs and pleadings filed herein as well as the applicable law in the area governing this matter, this Court does hereby enter the following Findings of Fact and Conclusions of Law in conformity with B.R. 7052 in this core proceeding:

## STATEMENT OF ISSUES

At the hearing conducted in this matter, the following issues were outlined by the Court for briefing and resolution:

(1) Is a Widow's Allowance property of the bankruptcy estate?

(2) If a Widow's Allowance is property of the estate, is it exemptible and to what extent?

(3) What is the proper forum within which to seek a binding determination as to the need and reasonableness of this Widow's Allowance for the Debtor's temporary support with consideration being given to the income received by Debtor from the Katschor Trust?

All other disputes as to exemptions which are named within the Objections have been reportedly resolved between the parties leaving the Widow's Allowance dispute.

## FINDINGS OF FACT

1. On January 20, 1989, a Petition for Probate of Will was filed by Alberta Stumpff, the Debtor herein, in Marshall County, Oklahoma to probate the Will of her husband, Phillip W. Stumpff who died on December 17, 1988. Said Will provided for a bequeath to his surviving spouse (the Debtor) of their home, household goods, personal property contained in the home for personal use and one automobile. The remainder of the estate was bequeathed to his four surviving children.

2. On February 16, 1989, an Order Granting Widow's Allowance was entered in the probate case ordering the probate estate to pay the Debtor the sum of $7,140 per month, beginning on March 1, 1989 and continuing until further order of the Court. Said Widow's Allowance was created pursuant to the applicable Oklahoma Statutes and entered ex parte without an adjudication as to the reasonableness of the allowance granted to the Debtor.

The District Court in Marshall County, Oklahoma further entered an Order approving the sale of common stock in Brookside Manor, Inc. to the children of Phillip W. Stumpff as "was necessary to pay the

allowance made to the surviving spouse, Alberta L. Stumpff." Notice of this sale was given only to heirs, devisees and legatees and by publication as required by law and not to creditors of the estate. The Court also appointed Alberta L. Stumpff, the Debtor herein, as Executrix in the probate action and entered Letters Testamentary accordingly.

3. On April 17, 1989, the Debtor filed a voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. Within the Debtor's Schedules, the Debtor listed the Widow's Allowance in the amount of $85,680 as exempt pursuant to Oklahoma Statutes. This amount represented the $7,140 per month for a period of twelve months.

4. On October 16, 1989, the Debtor filed an Amendment to Schedules and Notice Thereof to which the Trustee has filed a Response reasserting his objection to the exemptions claimed therein. This Court shall consider all objections valid and ripe for resolution, despite said Amendment to the Schedules. The Widow's Allowance exemption has not changed in these Amendments.

## CONCLUSIONS OF LAW

A. A Widow's Allowance such as is in dispute in this case, is created pursuant to the Oklahoma Statutes at Okla.Stat.Ann. tit. 58, § 314 (West 1965) which states, in pertinent part:

> ... The court may in its discretion make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family; according to their circumstance during the progress of the settlement of the estate, which, in case of an insolvent estate, must not be longer than one year after granting Letters Testamentary, or of administration.

The case law interpreting this provision of the Oklahoma Statutes has interpreted this section to "make a provision for the widow out of the deceased husband's estate until such time as the widow has in due course of law, received possession and use of *her share* of the estate so she may apply the same to her needs." (emphasis added)

*Barry v. Phillips,* 329 P.2d 1046 (Okl.1958); *Crane v. Howard,* 206 Okl. 447, 244 P.2d 559 (1952).

Thus, a clear reading of this section demonstrates that the Widow's Allowance is in fact an advance upon her inheritance in the decedent's estate until such time as the probate proceeding may be finalized and the widow receive distribution pursuant to the Last Will and Testament of her spouse.

■ B. The first question this Court must address is whether the Widow's Allowance established pursuant to the Oklahoma Statutes is in fact property of this bankruptcy estate. Generally, property of the estate consists of "... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). However, this section is not without its restrictions. For instance, "earnings from services performed by an individual debtor after the commencement of the case" are not property of the estate. 11 U.S.C. § 541(a)(6). In addition, the Bankruptcy Code provides for other property to be excluded from the estate. See 11 U.S.C. § 541(b)(1) and (2) and (c)(2). However, the Debtor's interest in a Widow's Allowance cannot be classified into any of these exclusions from the estate.

The Debtor encourages this Court to accept an analysis that finds that the Widow's Allowance is post-Petition income which is not "sufficiently rooted" in the Bankruptcy past as to render the payments property of the estate. However, the payments to the Debtor are clearly an advance upon her inheritance which the Debtor will receive upon the completion of the probate proceeding. Since this right to receive vested pre-Petition, and is not in the form of earnings from services performed, we must find that the Widow's Allowance is in fact property of this bankruptcy estate.

■ C. Since this Court has determined that the Widow's Allowance is to be included within the estate, the question of whether said allowance may be exempted from the estate arises. The Debtor relies upon the language contained within the Oklahoma Statutes at Okla.Stat.Ann. tit. 31, § 1

subd. A(19) (West Supp.1989) which states that "such person's right to receive alimony, *support*, separate maintenance or child support payments to the extent reasonably necessary for the support of such person and any dependents of such person" (emphasis added) is considered exempt. This section appears to be aimed for the most part toward those rights to payments which are the incidents of a divorce proceeding rather than a probate proceeding. However, since this State lacks any legislative history to aid this Court in a determination of legislative intent, we must literally interpret this section and the word "support" contained therein as being inclusive of payments such as the Widow's Allowance to which the Debtor is entitled in this case. Thus, we conclude that the Debtor does possess the ability to exempt the Widow's Allowance pursuant to this section of the Oklahoma Statutes.

D. The above section which grants an exemption on payments necessary to support the Debtor clearly restricts said payments to the "extent reasonably necessary for the support" of the Debtor and dependents. In this case, the Debtor is the sole party benefitting from the Widow's Allowance. The question arises in this case as to which Court, the Probate Court which established the Widow's Allowance or this Bankruptcy Court governing property of this estate, has jurisdiction to determine the "reasonableness" of the Widow's Allowance. The Bankruptcy Court has exclusive jurisdiction over matters pertaining to property which may be exempted from the bankruptcy estate. *Goldsmith v. M. Jackman & Sons, Inc.*, 327 F.2d 184, 185 (10th Cir.1964). The United States Code itself empowers the Bankruptcy Court with the necessary jurisdiction to resolve disputes surrounding exemptions. 28 U.S.C. § 157(b)(2)(B). Further, the legislative history of the Bankruptcy Code provides that "after the property comes into the estate, then the debtor is permitted to exercise his exemptions, and the Court has jurisdiction to determine what property may be exempted and what remains as property of the estate." H.R.Rep. No. 95-595, 95th Cong., 2nd Sess. 5787 (1978).

Since the Debtor submitted herself to the Bankruptcy Court upon the filing of her voluntary Petition and thereunder attempted to assert an exemption of the Widow's Allowance, this Court clearly has jurisdiction over the extent and level of the Widow's Allowance to be claimed. Since the Debtor will receive the Widow's Allowance at the deference of the unsecured creditors of this estate, whom this Court is obligated to protect, it is essential that this Court is enabled to determine that which is reasonable under the Statute for the Debtor to receive.

E. We accept the definition proffered by counsel for W.P. Spence, et al. citing the case of *In re Taff*, 10 B.R. 101 (Bankr.D. Conn.1981) for the phrase "reasonably necessary for support." That case interpreted such language used under the Federal Bankruptcy exemption statutes. Such definition includes only "the property required to meet the present and anticipated needs of the individual and his dependents as determined by the Court after consideration of the individual's responsibilities and all the present and anticipated property and income of the individual, including that which is exempt." *In re Taff*, supra at p. 105–106.

As a result of the Findings and Conclusions of this Court, an evidentiary hearing is necessary to determine what level of the Widow's Allowance is "reasonably necessary for the support" of the Debtor.

IT IS THEREFORE ORDERED that the Objections to Exemption filed by the various parties in this action are hereby overruled. The Widow's Allowance is hereby deemed property of this estate to which the Debtor is entitled to an exemption.

IT IS FURTHER ORDERED that a Pre-Trial Conference be conducted on November 24, 1989 at 12:00 noon for the purpose of narrowing the evidence on the issue of the reasonableness of the amount of the Widow's Allowance to be received by the Debtor.