In the Matter of the ESTATE
OF Andrew L. BELL,
Jr., Deceased.

Tonna L. BELL, Appellant,

v.

Sharon R. BRASIER and Andrea L. Willis, Co–Personal Representatives of the Estate of Andrew L. Bell, Jr., Deceased, Appellees.

No. 75208.

Court of Appeals of Oklahoma,
Division No. 3.

June 23, 1992.

David H. Sanders, Tulsa, for appellant.

William T. Dickson, Dallas, Tex., for appellees.

OPINION

HANSEN, Vice Chief Judge:

Appellant, Tonna Bell, the surviving spouse of the Decedent, Andrew Bell, was appointed personal representative of his estate in December, 1986. She had filed a petition for letters of administration, alleging Decedent had died intestate. On the same day she was appointed personal representative, the probate court awarded Appellant a "widow's allowance" of $1,000.00 per month, to continue until further order of the court.

Approximately two years later, Appellees petitioned to admit Decedent's will to probate. Appellees are Decedent's children from his first marriage, which ended in divorce. The trial court admitted the will, executed in 1968 while Decedent was married to his first wife. The trial court removed Appellant as personal representative, and appointed Appellees in her place. Under the terms of the will, the entire estate would pass to Appellees, subject to the statutory election by Appellant, as surviving spouse, under 84 O.S.Supp.1985 § 44.

In its order admitting the will to probate, the trial court also found Appellant was entitled to an "elective share of one-half of the property acquired ..., through joint industry during coverture". The trial court found Appellees were entitled to the remainder of the estate, except it reserved

judgment on a claimed homestead interest.[1] The court ordered distribution of Appellant's elective share in accordance with 84 O.S.Supp.1985 § 44(b)(1).

In May, 1989, the trial court entered its order determining, under § 44(b)(1), what property in the estate, both real and personal, was acquired by Appellant and the decedent through joint industry during coverture. The record reflects the property specified in the May 1989 order was transferred to Appellant.

After a hearing on Appellees' motion to terminate the widow's allowance, the trial court, in July 1989, ordered the allowance reduced to $850.00, in view of the order of partial distribution. Appellees stopped paying the widow's allowance in October, 1989, claiming the estate had been distributed and that there were insufficient funds in the estate to make further payments.

Appellant filed a contempt citation against Appellees for failing to pay the widow's allowance as directed. The court held it had erred in ordering payment of the widow's allowance *after the time Appellant had received all the property she was to receive from the estate.* The court found that order was void as a matter of law, and concluded Appellees therefore could not be in contempt for its violation. Appellant moved for a new trial. She now appeals from the trial court's denial of that motion.

■ As her first proposition, Appellant alleges the trial court erred in not finding Appellees in contempt for distributing personal property assets of the estate without judicial authorization, thus leaving the estate insolvent and unable to pay Appellant's widow's allowance. Appellant's argument is not relevant to the order which is the subject of this appeal.

It is clear from the trial court's conclusions of law that the court based its order on Appellant's lack of entitlement to an allowance after she had received all the assets she was to receive from the estate.

It is equally clear the July 1989, order directed distribution to Appellant of both real and personal property, contrary to her contention that the court never ordered distribution of personal property. Assuming, *arguendo*, that Appellees had wasted assets of the estate, Appellant would not have been harmed because she had already received her entire entitlement under the trial court's rulings.

■ Appellant next contends the trial court erred in repudiating its previous order which directed payment of the widow's allowance after the partial distribution of the estate to Appellant. The essence of Appellant's argument is that she was entitled to the widow's allowance pending final disposition of all "litigation", including appeals. We are unpersuaded.

The Supreme Court determined the Legislative intent in providing a widow's allowance, as expressed in 58 O.S.1981 § 314, is to:

> ... make provision for a widow out of the deceased husband's estate until such time as the widow has ... received the possession and use of her share of the estate so that she may apply the same to her needs.

*Crane v. Howard,* 206 Okla. 447, 244 P.2d 559 (1952).

Appellant had already received the possession and use of her share of the estate at the time the trial court ordered her widow's allowance discontinued. Upon filing the present appeal, she failed to post a supersedeas bond. Allowing her to continue to receive the allowance pending appeal would award Appellees a "pyrrhic victory", winning at trial and on appeal, but with much of the estate assets having been expended in paying the widow's allowance, and beyond recovery.

While Appellant may have continued to assert further rights in the estate, the trial court's determination was conclusive as to Appellant's rights, pending appeal,[2] and the assets were distributed according to that

---

1. The trial court subsequently disallowed Appellant's homestead claim. That determination was affirmed by this Court in Appeal No. 73,-146.

2. This Court affirmed the trial court's orders distributing the estate in Appeal No. 73,146.

determination. See, *Crane v. Howard,* 244 P.2d at 562. Both *Crane v. Howard,* and *Barry v. Phillips,* 329 P.2d 1046 (Okla.1958), which were cited by Appellant, are distinguishable. In those decisions, the estate had *not* been distributed to the widow.

Appellant's third proposition is a reiteration of her previous arguments. She cites an additional decision, *In Re Forman's Estate,* 59 Okla. 1, 157 P. 279 (1916), but, again, the estate in that case had not been fully distributed with respect to the widow. Appellant refers us to no legal authority, nor are we aware of any, which supports continuation of the statutory widow's allowance *after* the trial court has ordered distribution, *and* the widow has actually received all assets determined by the court to be distributed to her.

We hold the trial court had no discretion to order the continuation of the widow's allowance after the statutory purpose of the allowance had been met, and Appellant had received the possession and use of her share of the estate. She was able to apply her share to her needs when Appellees made distribution to her in August 1989. The trial court's initial order being legally infirm, Appellees had no obligation to make further payments to Appellant after distribution. Accordingly, the trial court did not err in refusing to find Appellees in contempt for failing to do so.

The trial court did not abuse its discretion in denying Appellant's motion for new trial, and its order is AFFIRMED.

HUNTER and JONES, JJ., concur.