In the Matter of the ESTATE
OF Laverne HARDAWAY,
Deceased.

Nancy MASSEY, Appellant,

v.

Joe C. HARDAWAY, Appellee.

No. 77040.

Supreme Court of Oklahoma.

March 8, 1994.

Clyde Stipe, Tim Maxcey, McAlester,
Wayne Russell Wilburton, for appellant.

Charles D. Neal, Jr., Steidley & Neal,
McAlester, for appellee.

ALMA WILSON, Justice:

This is a companion case to Case No.
75,255, wherein the facts are stated more
completely. Both the appellant, Nancy Massey, and the appellee, Joe C. Hardaway are
co-administrators of the estate of the deceased, Laverne Hardaway, the wife of the
appellee. During the pendency of the probate, Mr. Hardaway was awarded an allowance pursuant to 58 O.S.1981, § 314.[1] The
amount of the allowance was set at $400.00
per month, as of the date of Mrs. Hardaway's
death, November 20, 1983.

On June 30, 1986, Mr. Hardaway filed a
motion to increase the allowance from
$400.00 per month to $800.00 per month, to
which the appellant objected. The appellee
then amended his motion, raising the sum
prayed for to $1,050.00 per month. By order
of September 23, 1986, the court increased
the allowance to $800.00 per month. On
August 30, 1990, the appellee included a motion for payment of his allowance, within a
motion to settle the order determining heirs
and decree of partial distribution. He alleged that he had not been paid since the
trial court increased his allowance. On October 2, 1990, the court ruled that Mr. Hardaway was entitled to continue to receive his

1. Original Record, page 49.

widower's allowance. On December 11, 1990, Mr. Hardaway filed a Motion to Compel that asked for, among other things, his widower's allowance, which the court had previously ordered the co-administrator, Nancy Massey, to pay. Massey filed an objection to the payment on the ground that the trial court was without jurisdiction because the funds from which payment was sought were the subject of an appeal.

A hearing was held on January 3, 1991, and the trial court granted the Mr. Hardaway's motion. The court found that he was entitled to back payment of his widower's allowance in the amount of $23,200.00. The court ordered the payments were to continue in the amount of $800.00 per month "until a final and complete decision is rendered in the appeal of this matter, as an expense of the Estate." The court directed Nancy Massey to comply with the order within fifteen days of the date the order was filed, January 9, 1991. The Court of Appeals affirmed. We have previously granted certiorari.

The sole issue is whether the trial court had jurisdiction to compel payment of a widower's allowance out of funds that were subject to an appeal. Rule 1.31(a)(2) of the Rules of Appellate Procedure in Civil Cases, 12 O.S.1991, ch. 15, app. 2, provides:

> (a) For purposes to be stated the trial court does retain jurisdiction in the case after a petition-in-error has been filed in this court.
>
>      *     *     *     *     *     *
>
> (2) To grant or modify orders in regard to custody, guardianship, support, and maintenance. *Blair v. District Ct. of Okl. Cty.*, Okl. 594 P.2d 367 [1979]; *Enyart v. Comfort*, Okl., 591 P.2d 709 [1979]; *Cochran v. Rambo*, Okl. 484 P.2d 500 [1971].

*Blair, Enyart,* and *Cochran* are all domestic relations cases, involving alimony, modification of child custody, and temporary child custody, respectively. The three cases involved actions in the trial court taken pending appeal and involving whether the trial court retained jurisdiction over the matter.

The holdings that jurisdiction was retained by the trial court even after an appeal had been filed, are based on statute and public policy. *Enyart* held that public policy would not permit the pendency of an appeal to divest the trial court of the power necessary to provide for the welfare of minor children.

More recently, this Court held that a spouse receiving support alimony and thereby accepting the judgment does not waive her right to appeal that judgment because the judgment accepted was necessary for the support and maintenance of the receiving spouse. We observed that: "To hold that a spouse must choose between food and the right to appeal would be grossly unfair and against enlightened public policy." *Stokes v. Stokes*, 738 P.2d 1346, 1347 (Okla.1987).

Under the proper circumstances and subject to the discretion of the court, the law provides for spousal support in both probate and domestic relations cases. Section 314 of title 58, providing for support of the surviving spouse, has remained essentially unchanged since enacted in 1910.[2] This Court has held that the legislative intent of § 314 was to make provision for the surviving spouse out of the deceased spouse's estate until the survivor has in due course of law, received the possession and use of his share of the estate so he may apply the same to his needs. *Barry v. Phillips*, 329 P.2d 1046 (Okla.1958).

The case of *Crane v. Howard*, 206 Okla. 447, 244 P.2d 559 (1952) is on point. In *Crane* the widow appealed the decree of distribution. The executors of the estate moved to discontinue the widow's allowance because the final distribution of the estate had been decreed, including the exact property to be paid or delivered to the widow. The district court rendered judgment terminating the widow's allowance as of the date of the decree of distribution. This Court reversed, holding that there was no inconsistency between the decree of final distribution and the continuance of the widow's allowance. The Court further held that an order to pay an allowance to the surviving spouse made prior to the entry of the decree of distribution may

---

**2.** The 1925 amendment changed "support of the widow" to "support of the surviving spouse."

1925 Okla.Sess.Laws, ch. 124, p. 176, § 1.

be paid out of the estate and charged as other costs of administration without doing violence to the decree of distribution. *Crane,* 244 P.2d at 563. The exception is that an order for a surviving spouse's allowance that would require the sale of property belonging to the estate may not be made after the entry of a final decree of distribution because the enforcement of the allowance would be a collateral attack on the decree. *Crane,* 244 P.2d at 563. As in the *Barry* case, the *Crane* court observed that the clear intent of the legislature, as expressed in § 314, was to make provision for the surviving spouse out of the decedent's estate "until such time as she has in due process received the possession and use of her share of the estate so that she might apply the same to her needs." *Crane,* 244 P.2d at 562.

Both case law and public policy require that the surviving spouse be allowed to continue to receive his statutory allowance during the pendency of an appeal, according to the order of the trial court. Rule 1.31(a)(2) of the Rules of Appellate Procedure in Civil Cases permits the trial court to retain jurisdiction to enforce or modify its orders concerning such an allowance during the pendency of an appeal concerning the distribution of the estate.

CERTIORARI PREVIOUSLY GRANTED. COURT OF APPEALS OPINION VACATED. JUDGMENT OF TRIAL COURT AFFIRMED.

All Justices concur.