This cause originated in the county court of Logan county, wherein an, order of sale was granted H.F. McCroskey, administrator of the estate of George Butler, deceased, to sell certain real estate belonging to the estate, over the objection of S.B. Brooks, assignee of one of the heirs, from which order appeal was taken to the *Page 302 
district court of said county. There the case was tried de novo, resulting in a judgment of the district court granting the order of sale, and S.B. Brooks appealed from said judgment to this court.
The plaintiff in error first contends that the court erred in decreeing a sale of real estate for the payment of the claim of Dena Butler during the pendency of her foreclosure action based upon an alleged mortgage securing a note upon which the claim was based and before any deficiency had been ascertained by a sale of the mortgaged premises.
It appears that Dena Butler, widow of deceased, held a note secured by real estate mortgage in the sum of $672.50, executed by decedent, during his lifetime, the said mortgage covering a part of the land included it the order of sale. Her claim upon said note was duly presented, allowed and filed against the estate. The sale of the land was ordered subject to said mortgage and to a first mortgage in the sum of $1,200, for the payment of certain claims against the estate, including costs and expenses of administration. Subsequent to the issuance of the order of sale and just before the statute of limitations would have run against the mortgage, the said Dena Butler filed a foreclosure action upon the note and mortgage in order to preserve her lien against the land.
The foregoing contention is without merit. The evidence shows that the administrator did not have sufficient cash on hand with which to pay the allowed claims and expenses and charges of administration, excluding the Dena Butler claim. It appears, that the purpose of the sale was to pay all the debts against the estate, including the Dena Butler claim, in order to get the affairs of the estate in condition to close, but on account of the delay caused by the contest, and the appeal to the district court necessitating the filing of the foreclosure action by Dena Butler upon her note, and mortgage upon 80 acres of the land included in the order of sale, the district court in granting the order of sale, ordered the land sold subject to both the mortgages. No deficiency is contemplated and all questions as to a deficiency are eliminated where the land is offered for sale subject to the mortgages of record. It is obvious that if the land so offered for sale does not bring at least the amount of the mortgages of record, then the offering results in no sale.
Next it is contended that the court erred in decreeing a sale of real estate at a time when the administrator had on hand more than sufficient funds to pay all claims and accrued costs and before any additional costs of administration had been determined by the county court.
Neither is this Proposition supported by the evidence. The evidence shows that the administrator did not have sufficient cash on hand to pay the debts, expenses and charges of administration, and under the provisions of section 1274, O. S. 1931, said property may be sold for that purpose.
It is further contended:
"That the court committed error in considering the claim of Dena Butler and ordering a sale of real estate for the payment thereof after she had executed a warranty deed upon a part of the land belonging to said estate, thereby waiving the lien of her claim and estopping herself to collect the claim from the remainder of the assets from the estate."
This question is not properly before this court for consideration, for the reason that the order of sale ordered the land sold subject to the mortgages.
Lastly, it is contended:
"That the court committed error by falling and refusing to charge against the claim of Dena Butler all payments made by the administrator from funds belonging to the estate upon the interest due upon the first mortgage, taxes and insurance upon the homestead of the deceased and the said claimant, Dena Butler."
It is contended that the administrator paid out of estate funds the aggregate sum of $577.37 for taxes, insurance and interest on the first mortgage upon the homestead, and that said amount should be charged against the administrator and treated as cash on hand. Under this theory the administrator would have had sufficient cash on Mand to pay the debts, expenses and charges of administration, and there would have existed no necessity for the sale of the real estate.
The plaintiff in error cites the following authorities in support of this proposition, to wit:
Section 11794, O. S. 1931:
"The owner of a life estate must keep the buildings and fences in repair from ordinary waste and must pay the taxes and other annual charges, and a just proportion *Page 303 
of extraordinary assessments benefiting the whole inheritance."
Helm v. Belvin, 107 Okla. 214, 232 P. 382:
"The owner of a life estate in lands, being in possession and enjoying the rents and profits therefrom, is ordinarily required to pay the general taxes thereon."
It appears from the record that Dena Butler, widow of deceased, had a home of her own and never accepted the probate homestead right in said estate, but, on the contrary, executed a written waiver of her right to the use and occupancy of the homestead; and the administrator received the Income from same and paid the Interest, taxes, and insurance premiums above mentioned. This being true, there is no merit in the contention.
We take the view that the necessity for the sale of the land is clearly established by the record, and the judgment of the trial court is affirmed.
OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and HURST, JJ., concur.