In re LAMAR'S ESTATE.

BRAY v. LEEPER et al.

No. 34714.    April 1, 1952.

*242 P. 2d 727.*

Harry C. Kirkendall, Enid, for plaintiff in error.

Dan Mitchell, Enid, for defendant in error.

DAVISON, J.  This is an appeal from a judgment of the district court of Garfield county, Oklahoma, where upon trial de novo after appeal on questions of both law and fact from the county court, the judgment was affirmed and the will of Drucilla Lamar, deceased, was admitted to probate. The plaintiff in error here, Zora Bray, a sister of decedent, was the only active protestant below.

No definite line of controversy is drawn by the parties to this litigation. The decedent was a widow whose property included that which she had inherited from her husband who had died a few years previously. She and her husband had no children and at the time of her death, May 29, 1949, she left as her heirs, two sisters, Nora Redman and the contestant, Zora Bray, and two nephews, E. A. Leeper and W. A. Leeper, sons of a deceased sister. However, the petition for probate of her will lists some 41 additional persons as her heirs. The will in question was executed on September 7, 1948, and, by its terms, decedent's property was distributed as follows: Zora Bray and Nora Redman were each given a life estate in a one-half undivided interest in 160 acres of land; Zora Bray was beneficiary of a $10,000 trust fund for her maintentance; the balance in the trust fund at the time of said beneficiary's death was devised in equal shares to M. C. Redman and Hazel B. Noble, children of Nora Redman, and E. A. Leeper and W. A. Leeper, children of a deceased sister; these last named four were also devised the above mentioned 160 acres of land subject to said life estates; $24,000 and a one-half

undivided interest in all the real estate inherited from her deceased husband was bequeathed to his heirs; one-half of the remainder of her estate was bequeathed to Nora Redman or, in the event of her prior death, then to M. C. Redman and Hazel B. Noble; the other one-half of the remainder was bequeathed to E. A. Leeper and W. A. Leeper. E. A. Leeper and M. C. Redman were designated co-executors and they are the ones who applied for admission of the will to probate.

Before the hearing on the petition, all of the devisees except the heirs of the deceased husband met in the office of the attorney who had prepared the will and who also filed the petition for probate. They, then, all signed objections to the admission of the will to probate on the grounds of incompetency of the testatrix and duress and undue influence. The purpose of these objections seems to have been to let the court determine the testamentary capacity of Mrs. Lamar when she executed the will. At the time of the trial in the district court, in order not to take inconsistent positions, all parties were permitted to and did withdraw their signatures from the objections except Zora Bray. She filed a motion, pleading the objections as constituting a family settlement. The said Zora Bray was the only one who contested the admission of the will to probate in the county court and, upon its admission to probate there, appealed to the district court. The judgment of that court was also adverse to her and she has perfected this appeal therefrom.

Much of the brief of plaintiff in error is devoted to a discussion of family settlements but in no particular is it pointed out that the instrument, designated "Objections," partakes of the nature of such a settlement. Furthermore, that question has no place in a proceeding such as the one before us and the district court was correct in considering the instrument only as an objection to the admission of the will to probate. This court is committed to that rule. In the recent case of In re Heitholt's Estate, 202 Okla. 351, 213 P. 2d 865, it was said:

"It has been repeatedly held in this state that the sole question involved when a will is offered for probate is the factum of the will; that is, has the will been executed and attested in the manner and form required by the statutes, and was the testator competent to make a will at the time he made it, and was the testator free from undue influence, fraud or duress in making the will? Armstrong et al., v. Letty et al., 85 Okla. 205, 209 P. 168; Mantz v. Gill, 147 Okla. 199, 296 P. 441; Brock v. Keifer, 59 Okla. 5, 157 P. 88; and Courtney et al. v. Daniel et al., 124 Okla. 46, 253 P. 990."

The testatrix, Drucilla Lamar, died on May 29, 1948, at the age of 82 years. For some two months prior to her death she had been in a hospital and her mind apparently was failing. All of the testimony in the record as to her mental condition and testamentary capacity establishes the fact that, at the time of making the will here under attack, she was in a remarkably good mental condition for a person of her age. At different times after her husband's death, she had discussed with her attorney her desire to make a will. In the latter part of August, 1948, she had a heart attack which was not severe enough, however, to confine her constantly to her bed. She was up and about the house most of the time. On September 2, 1948, she went to the office of her attorney and there discussed all of the provisions she wanted in her will. He prepared it, took it to her home, and there it was executed. Five days later Mrs. Redman took some notes to the attorney's office, outlining two changes Mrs. Lamar desired to make in the will. One was to make the life estate in the 160-acre farm jointly to Zora Bray and Nora Redman and the other was to make M. C. Redman a co-executor. A new will incorporating these changes was prepared and taken to Mrs. Lamar's home where she executed it. That is the will now involved.

The same persons witnessed the execution of both wills and their testimony was that the testatrix was in sound mental condition in every respect. That her mind subsequently deteriorated is of no importance in determining the validity of the will. An inquiry as to the testamentary capacity of a testator is limited to the time at which the will is executed. Evidence as to mental condition at other times has no bearing upon it except in so far as it may throw light on the condition at the time of execution. The burden of proof of incompetency of testatrix is upon a contestant after the will has been proven to be properly executed. In re Martin's Estate, 199 Okla. 567, 188 P. 2d 862. The trial court's judgment on the questions of fact will not be disturbed by this court on appeal unless it is against the clear weight of the evidence. The only noticeable weakness of the testatrix at the time she executed the will in question, as disclosed by a careful search of the record, was that of failing eyesight. The contestant did not discharge the burden of proof placed upon her and the lower courts were correct in so holding. This question has recently been before this court and was fully discussed in the case of Toombs v. Matthesen, 206 Okla. 139, 241 P. 2d 937.

The judgment is affirmed.