**Patsy Lou MEYER and Dixie Meyer, Plaintiffs in Error,**

v.

**The SECURITY NATIONAL BANK OF NORMAN, Oklahoma, a corporation, Mc-Farlin Memorial Methodist Church, and Augusta B. Meyer, Defendants in Error.**

No. 36945.

Supreme Court of Oklahoma.

Dec. 20, 1955.

As Amended March 12, 1956.

Rehearing Denied March 13, 1956.

Paul W. Updegraff, Norman, Sam F. Whitlock, Norman, on the brief, for plaintiff in error Patsy Lou Meyer.

Dixie Meyer, pro se.

Luttrell & Luttrell, Norman, John G. Hervey, Oklahoma City, for defendant in error McFarlin Memorial Methodist Church.

John H. Patten, T. R. Benedum, Norman, for defendants in error Augusta B. Meyer and Security Nat. Bank of Norman.

HUNT, Justice.

In this case it appears that on the 27th day of March, 1953, Patsy Lou Meyer brought an action in the District Court of Cleveland County, Oklahoma, against the Security National Bank of Norman, Oklahoma, McFarlin Memorial Methodist

Church of Norman, Oklahoma, and Dixie Meyer, plaintiff's grandmother, to quiet title to one-half interest in certain lots located in the City of Norman, Oklahoma, of which her father, H. P. Meyer, died possessed. Plaintiff is the child of H. P. Meyer by a former marriage to Dorothy Lou Nash Meyer who divorced him in August, 1938. He again married. His second marriage was to Augusta B. Meyer, who lived with him on the property here involved until his death which was on January 4, 1945. There were no children born of the second marriage.

Upon his death H. P. Meyer left a will by the terms of which a bequest was made to Augusta B. Meyer of all the household goods and furniture and a specific devise of certain farm land was also made to her. The will further provides that the remainder of his property, which includes the property here involved, should be disposed of as follows: one-tenth to defendant McFarlin Memorial Methodist Church; one-tenth to Augusta B. Meyer; three-tenths to Dixie Meyer and the remaining five-tenths in trust for plaintiff. E. H. Stibbeman was designated executor under the terms of the will with full power to sell such of the estate of deceased as deemed expedient and the proceeds to be distributed as above set forth.

At the time of his death H. P. Meyer owned Lots 9 and 10, Block 12 of the original town of Norman and occupied the same with his wife as his homestead. This is the property subject of this action.

In the divorce decree heretofore mentioned the plaintiff, Patsy Lou Meyer, who was then a minor, was placed in the complete custody of her mother, Dorothy Lou Meyer, and at no time subsequent to the divorce proceeding in 1938 did plaintiff or her mother live upon the property here involved or acquire any homestead right therein nor does either claim such interest. By the terms of the divorce decree H. P. Meyer was required to contribute the sum of $42.50 per month for the support of plaintiff, Patsy Lou Meyer, until she attained the age of eighteen years, which occurred on March 5, 1953, which installments have been fully paid.

It appears that Augusta B. Meyer, surviving widow of deceased, became dissatisfied with the will and was about to renounce the will and elect to take as an heir of deceased under the laws of succession of the State of Oklahoma. All the other legatees and devisees under the will then agreed to make certain concessions to her in order to induce her to elect to take under the will. Thereafter Dorothy Lou Meyer, mother of plaintiff, who had been appointed her legal guardian, and the executor of the estate obtained leave of court to enter into a contract with Augusta B. Meyer to accomplish this purpose and on the 17th day of October, 1945, Dorothy Lou Meyer, guardian of plaintiff, and the executor of the estate of deceased, Dixie Meyer and McFarlin Memorial Methodist Church entered into a written contract with the said Augusta B. Meyer wherein it was agreed in consideration of Augusta B. Meyer electing to take under the terms of the will of H. P. Meyer, deceased, and other consideration, that she, Augusta B. Meyer, should have certain property of deceased not here involved and should also have a life estate in the property comprising the homestead which is involved in this action.

Thereafter Augusta B. Meyer filed her election to take under the will as modified by the contract. The executor under the terms of the will thereafter sold the realty here involved at public sale, subject to the life estate of Augusta B. Meyer, to the highest bidder, Augusta B. Meyer, holder of the life estate.

The sale was confirmed by the county court and the executor executed his deed to Augusta B. Meyer dated March 18, 1946. The consideration paid by Augusta B. Meyer for the remainder interest in the land was included in the assets of the estate of deceased and was distributed to the devisees and legatees mentioned in the will in the proportion therein provided and the full title to the lots in question was distributed to Augusta B. Meyer under

final decree of distribution entered May 6, 1946.

On January 15, 1947, Augusta B. Meyer conveyed the lots here involved to the Security National Bank of Norman by warranty deed which was immediately placed of record by the bank. Augusta B. Meyer continued to occupy the lots until February of 1953, at which time she moved therefrom. It further appears from the evidence and stipulation that after the above mentioned contract was executed Augusta B. Meyer claimed homestead tax exemption on the premises involved. This action was thereafter commenced by plaintiff. Augusta B. Meyer intervened as a defendant in the action because of her warranty deed to defendant, Security National Bank, to defend her title to the property.

The above facts are undisputed and are either stipulated or established by documentary evidence.

Upon the above evidence and stipulation the trial court entered judgment in favor of defendant Security National Bank of Norman and adjudged that plaintiff take nothing by her suit. Plaintiff and Dixie Meyer appeal and contend the judgment is not supported by the evidence and is contrary to law.

■ It is the contention of plaintiff that upon the death of H. P. Meyer his surviving widow, Augusta B. Meyer, acquired a homestead interest in the premises involved and that such interest was not subject to administration or sale by the executor under the terms of the will so long as the premises were maintained by Augusta B. Meyer as a homestead; that the homestead does not pass to the executor and does not become part of the estate of deceased. This constitutes a correct statement of the law. 58 O.S.1951 § 311, as far as here material, provides:

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead, which shall not in any event be subject to administration proceedings until it is otherwise disposed of according to law; and upon the death of both husband and wife the children

may continue to possess and occupy the whole homestead until the youngest child becomes of age. * * *"

See, also, Kimberlin v. Anthony, 124 Okl. 170, 254 P. 1; In re Gardner's Estate (Bowers v. Gardner), 122 Okl. 26, 250 P. 490; Ringer v. Byrne, 183 Okl. 46, 80 P.2d 212.

We have also held that the right to occupy the homestead given the surviving spouse by statute requires no order of court to vitalize or give it effect. Moore v. Rick, 186 Okl. 351, 97 P.2d 884; Kimberlin v. Anthony, supra.

We have, however, also held that the surviving spouse may waive and abandon his or her homestead right and that upon such abandonment the homestead becomes subject to administration and the administrator may take possession of the same and administer it as other property of the estate. In re Butler's Estate (Brooks v. McCroskey), 181 Okl. 301, 73 P.2d 417; Lusk v. Carter Oil Co., 172 Okl. 508, 53 P.2d 656; In re Irwin's Estate (Irwin v. Irwin), 192 Okl. 334, 136 P.2d 940.

Defendants, Security National Bank of Norman, Oklahoma and Augusta B. Meyer, contend that the act of Augusta B. Meyer electing to take under the will as modified by the contract of October 17, 1945, and her act in participating in the sale of the premises by the executor under the terms of the will and bidding on the property at public sale and becoming the purchaser of the remainder constituted a full acquiescence by her to the sale of the property and constituted a waiver and abandonment of the homestead interest therein.

■ With this contention we agree. The above acts and conduct of Augusta B. Meyer are wholly inconsistent with a claim of homestead right or interest in and to the premises involved and we think shows a clear intent on her part to relinquish and waive her homestead rights therein and the county court had jurisdiction to approve and confirm the sale and order the executor to execute a deed to Augusta B. Meyer for the sale of the property, she having been the purchaser of the remainder at the sale.

In Hembree v. Magnolia Petroleum Co., 176 Okl. 524, 56 P.2d 851, 854, the court said:

"Upon the death of A. O. Hembree the homestead right vested immediately in Maudie Hembree, his widow. And the trial court so found. The right to claim and use the homestead vests immediately, but the occupancy and use is optional with the surviving husband or wife. The statute says that the survivor may occupy and use the land. That it may be abandoned by the establishing of another homestead by the surviving spouse and by other declarations and actions on his or her part we think can hardly be questioned. (13 R.C.L. 652), and such abandonment by the survivor is also an abandonment by the minor children (13 R.C.L. 653). It is not an estate that can be the subject of barter and sale but may be waived, abandoned, or renounced at will, without consideration by the parties who are legally qualified to waive such rights. In re Gardner's Estate, 122 Okl. 26, 250 P. 490; Taylor v. Campbell, 139 Okl. 110, 281 P. 243. Whether or not such has been done is a question of fact to be determined from the acts of the parties."

Therein the court further said:

" * * * In Rockwood v. St. John's Estate, 10 Okl. 476, 62 P. 277, 279, may be found the following statement by the court concerning a minor's right to waive or abandon his statutory homestead right: 'The right to the homestead by the minor children is not dependent upon the actual "possession and occupancy" of the land by them. They can neither waive nor abandon their right to the homestead. Their right depends upon their minority, which cannot be forfeited or taken away.' We say, however, that this statement does not mean that the legal guardian may not dispose of the homestead right of the minor by sale of the fee under proper order of court."

In 13 R.C.L. p. 652, sec. 113, it is said:

"The rule is stated that a homestead may be abandoned by the widow under no disability, after the death of her husband, in the same manner as he could have done. * * * Thus a purpose on the part of a widow of abandoning the homestead of herself and infant children is unequivocally shown by her act in selling and conveying it. * * * "

There is nothing in the record to indicate that Augusta B. Meyer, surviving widow of deceased, claimed a homestead right or interest in and to the lots in question after the execution of the contract above mentioned, nor does she on this appeal claim such right, but on the contrary her counsel in the brief insists that she has waived and abandoned such right.

The statute, supra, does not require her as surviving widow of deceased to continue to occupy and use the homestead as her probate homestead and neither may plaintiff require her so to do. The statute merely provides that she may continue to use and occupy the homestead. This right, however, is a personal right which she may waive or abandon at will and we think as above pointed out by her acts and conduct she has done so.

Counsel for plaintiff cite numerous authorities which hold that the acts of surviving spouses in those cases did not constitute a waiver of probate homestead. We have examined these authorities but do not think they are in point because of difference in the facts.

It is true, as contended by plaintiff, that after the contract above mentioned was entered into Augusta B. Meyer continued to use and occupy the land in question until the date above mentioned, but we think, under the facts and circumstances in this case it may be reasonably concluded that she did so under the life estate granted her under the terms of the contract and her purchase of the remainder, thereby vesting in her fee-simple title, and not as a probate homestead.

The contention of plaintiff and defendant, Dixie Meyer, that the executor had no authority to sell the remainder in the premises involved under the terms of the will, that the court was without jurisdiction to confirm the sale and that the sale and order of the court are void for the reason that the premises in question then constituted the probate homestead of defendant, Augusta B. Meyer, cannot be sustained.

We conclude that the judgment of the trial court is amply supported by the evidence and is not contrary to law.

Affirmed.