2008 OK 88

**FENT**

v.

**STATE ex rel. OKLAHOMA TAX COMMISSION.**

No. 105993.

Supreme Court of Oklahoma.

Sept. 23, 2008.

Rehearing Denied Nov. 24, 2008.

Jerry R. Fent, Oklahoma City, OK, Pro Se Petitioner.

Douglas B. Allen, General Counsel, Guy L. Hurst, Assistant General Counsel, Sean R. McFarland, Assistant General Counsel, Oklahoma Tax Commission, Oklahoma City, OK, for Respondents.[1]

**PER CURIAM.**

¶ 1 The issue before this Court is the constitutionality of Enrolled Senate Bill 2034,[2] (the Bill) effective June 3, 2008. We hold that the statute is constitutional.

¶ 2 The Petitioner challenges the constitutionality of the Bill because it waives the penalty, interest and other collection fees due on unpaid taxes during a two month period beginning September 15, 2008 and ending on November 14, 2008.[3] As support for his challenge, he cites Article 5, § 53 of the Oklahoma Constitution. Section 53 provides:

> Except as to tax and assessment charges against real property remaining delinquent and unpaid for a period of time as long or

---

**1.** Oral argument was held September 12, 2008, at which Assistant Attorney General Lynn Rogers announced to the Court that the Attorney General adopted the brief of the Oklahoma Tax Commission and that the Attorney General would not file a separate brief. The Attorney General was invited to appear because the constitutionality of a statute was at issue in this cause.

**2.** 2008 Okla.Sess.Laws, ch. 395, § 1; codified at 68 O.S.Supp.2008, § 216.3.

**3.** Section 1(A) of the Bill provides: "For the purpose of encouraging the voluntary disclosure and payment of taxes owed to this state, the Oklahoma Tax Commission is hereby authorized and directed to establish a Voluntary Compliance Initiative for eligible taxes, as provided in this section. A taxpayer shall be entitled to a waiver of penalty, interest and other collection fees due on eligible taxes if the taxpayer voluntarily files delinquent tax returns and pays the taxes due during the compliance initiative. The time in which a voluntary payment of tax liability may be made or the taxpayer may enter into a payment program acceptable to the Tax Commission for the payment of the unpaid taxes in full in the manner and time established in a written payment program agreement between the Tax Commission and the taxpayer under the Voluntary Compliance Initiative is limited to the period beginning on September 15, 2008, and ending on November 14, 2008."

longer than that provided by law to authorize the taking title to real property by prescription, the Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liabilities, or obligations of any corporation or individual, to this State, or any county or other municipal corporation thereof.

¶ 3 The Petitioner claims that the penalty, interest and other collection fees fall within the § 53 prohibition of releasing or extinguishing tax indebtedness, liabilities, or obligations. That assertion relies on 68 O.S.Supp.2007, § 217(G), which appears to make any penalty a part of the tax.[4] But the statute's characterization of penalties and interest being a part of the tax cannot take on constitutional proportion that would prohibit subsequent legislation from granting amnesty to delinquent taxpayers with regards to penalties and interest. As it stands, the Legislature has simply created a temporary suspension of collection of penalty and interest as a tool for recovery of delinquent taxes.

¶ 4 In addition, we find *City of McAlester v. Jones*, 1937 OK 142, 72 P.2d 371 dispositive of the issue of the constitutionality of the Bill. That case held that there was no constitutional limitation on the power of the Legislature to direct the refund of penalties on delinquent taxes. The Court reasoned that the Legislature is invested with the power and authority to impose, release, remit, and distribute the penalties on delinquent taxes, and that in the absence of intervening contractual rights, there appears to be no constitutional limitation on the Legislature to change the manner of distribution of funds arising from the imposition of such penalties to any proper public purpose. *Jones*, 1937 OK 142, ¶ 14, 72 P.2d at 374. No substantial difference exists between ordering a refund of penalties and waiving the payment of penalties as an incentive to encourage delinquent taxpayers to voluntarily pay the overdue taxes within a certain time.

¶ 5 In *Jones*, the Court observed that courts will interfere and declare an act invalid and void only where the act of the Legislature is clearly, palpably, and plainly inconsistent with the terms and provisions of the Constitution. *Jones*, 1937 OK 142, ¶ 16, 72 P.2d at 375. We are not persuaded that the Petitioner has presented any authority that satisfies such a requirement. Therefore, the *Jones* case is dispositive.

¶ 6 Original jurisdiction is assumed. The Petitioner's request for relief is denied.

ALL JUSTICES CONCUR.

OPALA, J., with whom KAUGER and TAYLOR, JJ., join, concurring

¶ 1 The "indebtedness, liabilities, or obligations" that **may not** be released or extinguished by the State within the meaning of Art. 5, § 53, Okl. Const., **are not defined** anywhere in the state constitution as being inclusive of interest, penalties or other incidentals that may stand added by statute to the amount of one's principal tax liability. The quoted terms used in § 53 **cannot hence be regarded as expressing a single integrity that is inclusive of all incidental post-delinquency statutory additions which may never be severed from the principal tax indebtedness.** In short, the concept of tax liability in § 53 was never contemplated to constitute an amount irreducible by deduction of increase added in consequence of nonpayment on due date. Severance of the post-delinquency additions from the principal amount of tax liability for extinguishment of the latter by exercise of statutory authority is **clearly and well** within the power of the legislature. *City of McAlester v. Jones*, 1937 OK 142, 72 P.2d 371.

---

**4.** That subsection provides: "All penalties or interest imposed by this title, or any state tax law, shall be recoverable by the Tax Commission as a part of the tax with respect to which they are imposed, the penalties bearing interest as provided in this section for the tax, and all penalties and interest shall be apportioned as provided for the apportionment of the tax on which such penalties or interest are collected."