OSCN Found Document:IN THE MATTER OF THE ESTATE OF EAGLETON

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF THE ESTATE OF EAGLETON
2017 OK CIV APP 2
394 P.3d 284
Case Number: 114688
Decided: 12/09/2016
Mandate Issued: 01/12/2017
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2017 OK CIV APP 2, 394 P.3d 284

 

IN THE MATTER OF THE ESTATE OF G.B. EAGLETON, deceased.

BEVERLY EAGLETON, Appellant,
v.
SHERYL BROUGHTON and SHEILA KETCHER, Appellees.

APPEAL FROM THE DISTRICT COURT OF ADAIR COUNTY, OKLAHOMA

HONORABLE L. ELIZABETH BROWN, TRIAL JUDGE

AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS

Wayne Bailey, BAILEY LAW, PLC, Tahlequah, Oklahoma, for Appellant
Ron Wright, WRIGHT, STOUT & WILBURN, PLLC, Muskogee, Oklahoma, for Appellees

P. THOMAS THORNBRUGH, PRESIDING JUDGE:

¶1 Beverly Eagleton (Wife) appeals a decision of the district court denying her motion to declare a deed invalid and to award a forced share and surviving spouse allowance from the estate of G.B. Eagleton (Husband). On review, we affirm the decision of the district court that Wife is not entitled to a forced share of the 40-acre property identified below as "the Farm," and the decision that the Farm is not estate property for purposes of funding a surviving spouse allowance. We find that other questions of law and fact remain unresolved concerning Wife's entitlement to occupy the Farm as a homestead, and concerning the share of personal/joint coverture property to which Wife is entitled, and remand this matter for determination of those questions.

BACKGROUND

¶2 Husband and Wife were married in 2000. Husband was a widower, and had adult children from his prior marriage. A few days before this last marriage, Husband set up a revocable trust with himself as trustee (Trust). He transferred a house and its accompanying quarter-quarter section of land (the Farm) to the Trust. The Trust provided that, on Husband's death, the Farm would be distributed to one or more of his adult children. Husband and Wife initially lived elsewhere, but in 2002 they moved to the Farm, and resided there until Husband's death. In 2012, Husband executed a deed to the Farm to one of his daughters, Sheila Ketcher (Daughter). The conveyance was not signed by Wife. The parties disagree regarding other facts surrounding this transaction. Daughter stated by affidavit that the transaction was made as part of a deal by which another property ("600 Villard Street") was purchased for Wife to live in as her homestead, and was placed in Wife's name. Wife's brief denies that any such agreement occurred, and argues that Wife purchased the 600 Villard Street property with her own funds. Daughter paid property taxes on the Farm and maintained insurance on it after the 2012 transaction, but Husband and Wife continued to live at the Farm.

¶3 Husband died in 2014. In February 2015, Wife, who was still living at the Farm, allegedly with Daughter's permission, filed suit seeking to have the 2012 deed transferring the Farm declared void; seeking a forced probate distribution of the Farm as estate property pursuant to 84 O.S.2011 § 44; seeking a surviving spouse allowance payment from the estate assets pursuant to 58 O.S.2011 § 314; and seeking to establish a homestead right of residence at the Farm.

¶4 In August 2015, Wife moved for summary judgment on these issues. In January 2016, the court denied Wife's motion to find the deed invalid and award a forced share, denied Wife's application for a surviving spouse allowance, and held that "the motion to determine rights of surviving spouse is determined pursuant to 58 O.S. § 311 with regard to the personal property set forth in the statute." The court stated that its findings were a final order for purposes of appeal pursuant to 12 O.S.2011 § 994, even though the order disposed of fewer than all of the claims or parties. Wife now appeals.

STANDARD OF REVIEW

¶5 While the briefing at times refers to the district court proceeding as being "on the merits" by some form of agreement, the court clearly decided a motion for summary judgment, although it appears to have done so by decisions interpreting the relevant statutes rather than on grounds directly involving material facts. Hence the de novo standard of review applies irrespective of whether we interpret the court's decision as either a summary judgment or statutory interpretation. City of Jenks v. Stone, 2014 OK 11, ¶ 6, 321 P.3d 179.

ANALYSIS

¶6 Wife alleges the following issues of error:

1. Error of the Trial Court in denying the Motion for Family or Widow's Allowance.

2. Error of the Trial Court in failing to find the conveyance given by [Husband] involving property which included the homestead as invalid or void.

3. Error of the Trial Court in failing to make a determination of exempt assets from the estate.

¶7 The first two allegations of error are based on an erroneous conclusion of law. They both propose that the Farm, which was Husband's separate property before the marriage, and was transferred before marriage into the Trust, which passed the Farm to Husband's children on his death, is an asset of the probate estate in which Wife can claim a forced share pursuant to 84 O.S.2011 § 44. We reject this argument for the reasons stated below. We find that the third allegation is not yet ripe for decision, and remand it to the district court for further proceedings consistent with this opinion.

I. THE INVALID CONVEYANCE

¶8 Wife's primary argument is that she may claim a forced probate share in the Farm because the deed transferring the Farm from Husband's Trust was void. Wife argues that the Farm became the couple's homestead when they began living there, and Husband therefore could not convey it out of the Trust without Wife's signature on the conveyance. Wife is correct that 84 O.S.2011 § 44 (B)(1) prevents Husband from disposing of the Farm without Wife's agreement because it was a homestead, i.e., "property which could not be by the testator alienated, encumbered or conveyed while living."[1] Wife is thus entitled to the probate homestead right of occupation unless that personal right has been waived or abandoned. Such waiver may be shown by acts and conduct. See Meyer v. Sec. Nat. Bank of Norman, 1955 OK 374, 294 P.2d 572. We find that a question of fact still exists as to whether Wife waived her homestead right in this case. However, even if the 2012 deed was void and the Farm remained in the Trust subject to Wife's homestead right, this does not render the Farm estate property subject to a forced share.

II. IS WIFE ENTITLED TO PART OF THE FARM AS A FORCED SHARE?

¶9 If the 2012 deed transferring the Farm out of the Trust was void, the Farm remained Trust property. Wife's argument that the Farm is subject to a forced share pursuant to 84 O.S.2011 § 44 requires the combination of several legal steps that can be summarized as follows:

[1] Because Wife did not waive her homestead right, the Farm could not be conveyed, and remained as Trust property;

[2] Pursuant to Thomas v. Bank of Oklahoma, N.A., 1984 OK 41, 684 P.2d 55, § 44 regards the Farm as being Husband's property rather than Trust property, because the Trust was revocable during Husband's lifetime; and

[3] Because the Farm was Husband's property at the time of his death, it must pass through his probate estate, and Wife may elect a forced share in the Farm, as estate property, pursuant to 84 O.S.2011 § 44.

¶10 Wife's argument relies on the Thomas case. Thomas did indeed hold that the forced probate share of a surviving spouse should include the value of assets that were held by the decedent's revocable living trust. Thomas did so, however, pursuant to the version of 84 O.S. § 44 that was effective in 1981, and not the current version. The result in Thomas would likely have been different under the current statute.

¶11 The version of § 44 effective in 1981 required a spouse to bequeath, as a minimum spousal share, all property that could be obtained through succession by law, and one-half of property not acquired by joint industry:

[N]o spouse shall bequeath or devise away from the other so much of the estate of the testator that the other spouse would receive less in value than would be obtained through succession by law; provided however, that of the property not acquired by joint industry during coverture the testator be not required to devise or bequeath more than one-half (1/2) thereof in value to the surviving spouse. (Emphasis added)

¶12 Shortly after Thomas was decided, the Legislature substantially changed the requirements of § 44, effective July 1, 1985 (current version), stating in § 44(B)(1) that:

[N]o spouse shall bequeath or devise away from the other so much of the estate of the testator that the other spouse would receive less in value than an undivided one-half (1/2) interest in the property acquired by the joint industry of the husband and wife during coverture. . . . (Emphasis added).

¶13 The revised statute actively deletes the reference to property that could be "obtained through succession by law," and states that, after June 1985, the minimal spousal share comprises the value of one-half of the couple's joint coverture property, a different and potentially smaller category of property than the share that "would be obtained through succession by law." This change is highly significant in analyzing the instant case.

¶14 After 1985, the share available under § 44 was divorced from the intestacy statute, and § 44 no longer provided that a spouse could elect to receive at least the "value that would be obtained through succession by law." Section 44 requires only that the spouse receive equal or greater value than "an undivided one-half (1/2) interest in the property acquired by the joint industry of the husband and wife during coverture."[2] In this case, even if § 44 prevented Husband from disposing of the Farm without Wife's agreement, and the Farm remained in the Trust until Husband's death, the Farm is not subject to a forced share under Thomas and the modern version of § 44 unless the Farm is also joint industry property. See In re Estate of Littleton, 2013 OK CIV APP 94, ¶ 10, 313 P.3d 1062 (separate property placed in revocable trust was not part of probate estate for purposes of § 44 forced share).[3]

 

¶15 We find no evidence that the Farm became joint industry property during the marriage or would be distributable as marital property in a divorce. "The same rules apply for determining which property is separate property whether the issue is divorce or death of a spouse." Matter of Estate of Hardaway, 1994 OK 30, ¶ 9, 872 P.2d 395. The Farm was Husband's separate property prior to marriage, and we find no evidence that it became joint industry property during the marriage. Hence, it is not subject to the forced share required by the current version of § 44. The question of whether the transfer to Daughter before Husband's death was void is, therefore, moot as to Wife's claim for a forced share of the Farm.

 

III. SPOUSAL ALLOWANCE

¶16 Wife also sought a "surviving spouse allowance" payment from the estate assets pursuant to 58 O.S.2011 § 314. This allowance is intended as temporary support until such time as the "survivor has in due course of law, received the possession and use of [his or her] share of the estate so [he or she] may apply the same to [his or her] needs." Matter of Estate of Hardaway, 1994 OK 152, ¶ 6, 872 P.2d 400 (Hardaway). Wife argues that the district court should have considered the Farm an "estate asset" for the purpose of calculating what resources were available to provide a surviving spouse allowance.

¶17 The immediate difficulty with Wife's argument is that, pursuant to Hardaway, the right provided by § 314 is clearly a right to "draw" on estate property that the spouse will eventually inherit at the conclusion of probate. The case refers to "use of [his or her] share of the estate so [he or she] may apply the same to [his or her] needs" (emphasis added). We find no case law, and Wife provides none, stating that such an allowance may be taken from property that is neither part of the probate estate nor subject to a forced share. The latter position is contrary to the rule expressed in Hardaway. We have already found that the Farm was not part of the estate or subject to the forced share provisions of 84 O.S.2011 § 44. Hence, Wife could not "draw" on it for support during the pendency of the estate proceedings. We find no error in the trial court's decision regarding a "surviving spouse allowance."

IV. DETERMINATION OF EXEMPT ASSETS

¶18 The trial court's order holds that "the [m]otion to determine rights of surviving spouse is determined pursuant to 58 O.S. § 311 with regard to the personal property stated in the statute." Wife's third allegation of error is that the "trial court [erred] in failing to make a determination of exempt assets from the estate." We agree that the current order does not address every possible right of Wife as surviving spouse. However, we find it quite clear that it was not intended to deal with any right of Wife except those regarding personal property as enumerated in § 311. The court stated that its findings were a final order for purposes of appeal pursuant to 12 O.S.2011 § 994, even though the order disposed of one or more but fewer than all of the claims or parties. We agree that significant issues regarding Wife's probate right to live at the Farm as a homestead, or what joint industry property may exist, or what personal property covered by § 311 actually exists, remain to be resolved.

¶19 The statutory overlay of the Constitutional homestead right that provides an explicit right of occupancy is found in 58 O.S.2011 § 311:

Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead, which shall not in any event be subject to administration proceedings, except as in this title provided, until it is otherwise disposed of according to law . . . .

¶20 The survivor's right to continued possession and occupation of the property, regardless of where title is lodged, is a personal and individual right. Matter of Wallace's Estate, 1982 OK 80, ¶ 23, 648 P.2d 828. It is a special right to continue to possess and occupy the homestead during the lifetime of the survivor. It is not an interest in the testator's property, it is not subject to testamentary disposition, and it is distinct from the interest a surviving spouse takes in the land by inheritance or devise. Id. The homestead right is a personal right which may be waived or abandoned at will and waiver may be shown by acts and conduct. Meyer v. Sec. Nat. Bank of Norman, 1955 OK 374, 294 P.2d 572. "Whether a homestead has been abandoned is a question of fact, ascertainable from the circumstances surrounding the particular transaction, and such abandonment must be established by clear and convincing evidence." Mercer v. Mercer, 1961 OK 210, ¶ 15, 365 P.2d 554.

¶21 The trial court has not yet determined whether Wife is entitled to a homestead right of occupation or has waived or abandoned her homestead rights. Nor do we believe it intended to do so. We find no error in the decision that Wife is entitled to "the personal property set forth in the statute," and find no decision as to what property "stated in the statute" actually exists in this case. This issue, as well as the questions regarding Wife's right to occupy the Farm as a probate homestead, remain for decision on remand.

¶22 AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.

RAPP, J., and BARNES, J., concur.

FOOTNOTES

[1] We reject, however, Wife's argument that the Trust was "illusory." The Court in Thomas v. Bank of Okla., N.A., 1984 OK 41, 684 P.2d 553, described the trust in question as "illusory" because it would operate to defeat the forced share then available under § 44, not because the trust failed as a matter of law. Here, The Trust is not illusory simply because Husband was the sole trustee and the only vested present beneficiary during his life, because the Trust provided for Husband's children as contingent beneficiaries. See Welch v. Crow, 2009 OK 20, ¶ 18, 206 P.3d 599.

[2] The substantial difference between these two versions of § 44 can be shown by a simple example: Assume the decedent has $1,000,000 in separate property and one child. Prior to 1985, the intestate succession statute, 84 O.S. § 213, provided "equal shares to the surviving husband, or wife, and child, or issue of such child. As a result, our hypothetical survivor could, pre-1985, elect to receive one- half of the deceased partner's separate property, i.e., approximately $500,000. Under the latter version of § 44, the hypothetical survivor could elect to take only a one-half interest in the couple's joint industry property, not an intestate interest in the entre estate.

[3] Wife cites Littleton as supporting her position. The opinion does so only so far as it holds that a party may not defeat the forced share of joint industry property by transferring that property to a revocable trust. Littleton does not, as Wife implies, hold that separate property placed in a revocable trust loses its character as separate property. The Littleton court remanded the matter only for the trial court to determine if any part of the property in question had been enhanced by joint industry.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2013 OK CIV APP 94, 313 P.3d 1062, IN THE MATTER OF THE ESTATE OF LITTLETON
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1994 OK 30, 872 P.2d 395, 65 OBJ 959, In the Matter of the Estate of Hardaway
Discussed
 1994 OK 152, 872 P.2d 400, 65 OBJ 962, Estate of Hardaway, Matter of
Discussed
 1955 OK 374, 294 P.2d 572, MEYER v. SECURITY NATIONAL BANK OF NORMAN
Discussed at Length
 1961 OK 210, 365 P.2d 554, MERCER v. MERCER
Discussed
 2009 OK 20, 206 P.3d 599, WELCH v. CROW
Discussed
 2014 OK 11, 321 P.3d 179, CITY OF JENKS v. STONE
Discussed
 1982 OK 80, 648 P.2d 828, Wallace's Estate, Matter of
Discussed
 1984 OK 41, 684 P.2d 553, Thomas v. Bank of Oklahoma, N.A.
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 994, Procedure When There is More Than One Claim or Party - Final Judgment
Discussed
Title 58. Probate Procedure
 Cite
Name
Level

 58 O.S. 311, Homestead - Property to be Delivered to Family
Discussed at Length
 58 O.S. 314, Probate Procedure - Family Allowances
Discussed
Title 84. Wills and Succession
 Cite
Name
Level

 84 O.S. 44, Property Acquired by Joint Industry
Discussed at Length
 84 O.S. 213, Intestacy - Descent and Distribution
Cited